WALTER RAY, APPELLANT, v. JOHN TRICE AS RECEIVER OF THE ST. PETERSBURG STATE BANK, APPELLEE.

1. Before a writ of assistance should issue to put the purchaser at a foreclosure sale in possession of the property, as against one in possession claiming to be the owner or claiming the right of possession, notice should be given of the application for the writ. If the writ issues without notice and the party is dispossessed under it, the court granting the writ should upon his motion grant an order restoring the possession to him.

2. A party in possession of property sold at a foreclosure sale claiming to own same by conveyances made pending the foreclosure suit can not be lawfully dispossessed under a writ of assistance in favor of the purchaser at such foreclosure sale issued without notice to him especially where the writ runs against another party, and if he is dispossessed under such circumstances the court granting the writ should upon his application restore the possession to him.

This case was decided by the Court En Banc.

Appeal from the Circuit Court for Pasco County.

STATEMENT.

On March 15, 1903, a petition was filed in the Circuit Court of Pasco county, alleging that on January 5, 1903, certain real estate in Citrus county was sold by a master in chancery under a decree of foreclosure rendered by the Circuit Court of Pasco county, in a cause wherein the St. Petersburg State Bank, a corporation, was complainant, and Globe Phosphate Mining & Manufacturing Company, a corporation, and others were defendants; that the premises were purchased by appellee; that the sale was confirmed by the court on February 20, 1903; that in compliance with the order of confirmation a deed was executed by the master on February 27th, 1903, conveying said lands to appellee; that appellee demanded possession of the premises and exhibited the master's deed to one John O. Howard who was in possession thereof claiming to hold same under authority from one R. B. Clark as receiver, but that Howard refused to deliver possession. A writ of assistance was prayed to be directed to the proper authorities, commanding them to place appellee in possession of the premises. An affidavit was appended to

this petition made by the attorney for appellee stating that on March 2nd, 1903, one John O. Howard was in possession claiming to hold such possession for one R. .B. Clark as receiver, and Walter .F.. Ray, who claimed under title from the mortgagor; that affiant exhibited the master's deed to Howard and demanded possession of the premises, but Howard refused to deliver such possession. The court issued a writ of assistance, reciting the allegations of the petition, and that one John O. Howard had detained and kept possession of the premises in manifest contempt of the court, and commanded all and singular the sheriffs of the State of Florida to place appellee in full possession of the premises without delay. No notice of the application for this writ appears from the record to have been given to Clark, Howard, Ray, or any other person.

The writ came to the hands of the sheriff of Citrus county who made return on March 18, 1903, that the premises were then in possession of one Richard B. Clark who held same under an order appointing him receiver, made by the Circuit Court of Citrus county in a cause there pending wherein John W. Williamson and other stockholders were complainants and the Globe Phosphate Mining & Manufacturing Company (the mortgagor in the other case) was defendant; that he (the sheriff) had on January 7th, 1903, put said Clark in such possession under process issued by the Circuit Court of Citrus county issued in the cause aforesaid directing him so to do; and that he declined to execute the last writ upon the ground that the possession of Clark, receiver, was merely the custody of the law.

On April 29, 1903, the sheriff made a further return stating that the writ had come to his hands again with a

peremptory order from the judge of the Sixth Circuit to execute it, and that in obedience thereto and upon other considerations mentioned he had executed the writ by putting appellee in possession of the property.

On August 11th, 1903, the sheriff made another return upon the writ that it had come to his hands again for execution and that he had executed it by putting one J. O. Talley and one W. E. McKay out of possession, and by putting appellee in possession.

On August 21, 1903, appellant filed his motion to vacate the writ and to restore possession of the premises to him upon various grounds, only one of which we need notice now, viz: that no notice was given him of the application for the writ. The court upon the proof offered in behalf of appellant denied the motion and from this order the present appeal was taken. Other facts are stated in the opinion.

*H. L. Anderson*, for Appellant.

*Gunby* and *Gibbons*, for Appellee.

CARTER, J., (*after stating the facts.*)

It appears that appellenat was in possession of the premises claiming to own same at the time of the sale under foreclosure, and that before the sale he gave notice of his claim of title and possession to appellee. It appears that he purchased the property while the foreclosure suit was pending from a grantee of the mortgagor who also purchased during the pendency of such suit, but he had no actual notice of the foreclosure suit, nor was a notice of *lis pendens* filed either in Pasco county where the suit was pending or in Citrus county where the prop-

Ray v. Trice, Receiver—Opinion of Court.

erty was located. It also appears that appellant was dis-
possessed of a portion of the property under a writ issued
by the Circuit Court of Citrus county directing possession
of the property to be delivered to its receiver, R. B.
Clark; that Clark retained possession until he was dis-
possessed under the writ of possession in favor of appel-
lee, and that appellee was in turn dispossessed under a
writ issued by the Circuit Court of Citrus county direct-
ing possession to be restored to Clark, Receiver. Clark
by his agents, retained possession until August 7th, 1903,
when he was discharged as such receiver and his posses-
sion ceased on that day. Thereupon appellant resumed
possession and held same by his agents Talley & McKay
until August 11th, when the sheriff dispossessed them
under the same writ of assistance which appellee had ob-
tained in March, and which was sought to be vacated by
this motion. Neither the appellant, nor his grantor was
made a party to the foreclosure proceedings, and it is
urged that as he had no actual notice of the foreclosure
proceedings, and as no notice of *lis pendens* was filed
therein he is not bound by the decree of foreclosure, not
being a party thereto. We do not deem it necessary to
determine this question, nor to decide whether the deed
from the mortgagor to appellant's grantor was sufficient
in form to convey the title, as the order must be reversed
upon another ground. No notice of the application for
the writ was given, and without such notice it was error
to grant a writ peremptorily dispossessing one in posses-
sion of the property who claimed rights therein that he
was given no opportunity to assert. Even if appellant
had been a party to the foreclosure decree (which he was
not) it would have been error to grant the writ without
notice. The affidavit to the petition for the writ showed

that appellant claimed to be in possession by his agent, and also claimed title, yet no notice was given him, nor was he mentioned in the writ. The writ only mentioned J. O. Howard, who on its face appeared to be simply an agent of Clark, receiver, and yet this writ after being once fully executed by dispossessing Clark who in no manner represented appellant, was used a second time to dispossess the latter after he had resumed possession upon the discharge of Clark as receiver, to whom the possession had been restored by an order of the Circuit Court of Citrus county. Such use of the writ issued without notice to appellant was wholly unauthorized (McLane v. Piaggio, 24 Fla. 71, 3 South. Rep. 823; 4 Cyc. 295, 297, 298; 2 Ency. Pl. & Pr. p. 984-985), and, therefore, the court erred in refusing the motion of appellant to be restored to possession. The order appealed from will be reversed with directions to the Circuit Court to grant the motion in so far as it seeks restoration of possession. The appellee will be taxed with the costs of this appeal.

WHITFIELD, C. J., and TAYLOR and COCKRELL, JJ., concur.

HOCKER and SHACKLEFORD, JJ., being disqualified, took no part in the decision of this cause.