BURNETHA FLEMING v. NATHANIEL FLEMING, JOE A. LEWIS and CITY OF LAKELAND, a municipal corporation.

177 So. 607.

Division A.

Opinion Filed November 19, 1937.

Rehearing Denied January 5, 1938.

*Eldridge Cutts,* for Appellant;

*D. C. Laird, R. H. Amidon* and *Carver & Langston,* for Appellees.

BUFORD, J.—The appellant filed a suit in the Circuit Court of Polk County, Florida, by a bill in the nature of a bill of review seeking to cancel and set aside a final decree foreclosing tax liens in a suit instituted by the City of Lakeland under the provisions of Chapter 15038, Acts of 1931.

Amended bill of complaint was filed September 30, 1936. Motion to dismiss the amended bill of complaint was filed October 5, 1936, and order granting that motion was filed on December 10, 1936. From this order the appeal is taken.

The appellant has presented in the brief three questions.

Whether we consider the bill here under consideration a bill in the nature of a bill of review or an original bill is immaterial because they are in effect the same thing and may be used for the same purpose. Gamble v. Gamble Holding Corporation, 123 Fla. 344, 126 Sou. 886.

*In re* Application of Ada Newkirk, 114 Fla. 552, 154 So. 323, it was held:

"Complainant's remedy is by petition in the nature of an original bill in the nature of a bill of review, by which means a final decree in chancery can be directly attacked and set aside upon equitable principles, through resort to those equitable processes which are not collateral but direct in their nature."

In Shea v. Carlton, *et al.,* 116 Fla. 507, 156 Sou. 495, it was held:

"A court of equity has power, upon clear and convincing proof being established to the effect that no service of proc-

ess whatsoever was ever had upon a necessary party defendant, although so recited and returned by the sheriff in his official return upon the process issued in the cause, to vacate its final decree and proceedings being taken thereon, and thereupon to remit the parties to a new consideration by a reinstatement of the cause for further proceedings according to law. But the formal method of procedure for so doing is by means of a bill in the nature of a bill of review setting up the equitable facts upon which the final decree and proceedings based thereon, are requested to be opened up and set aside. Miami Bank & Trust Co. v. Mahlstedt, 107 Fla. 282, 144 Sou. Rep. 659."

In Hall v. Hall, 93 Fla. 709, 112 Sou. 622, it was held:

"The bill of review for error apparent on the face of the record cannot be predicated upon mere formal irregularities, nor upon matters resting in discretion. The decree complained of must be contrary to some statutory enactment, or some principle or rule of law or equity recognized and acknowledged or settled by decision; and in order to ascertain if there be error in the decree, the general practice is to look back of the decree into the whole record of the pleadings and proceedings, but excluding the evidence."

Chapter 15038, *supra*, was considered by this Court in the case of City of Coral Gables v. Certain Lands, etc., 110 Fla. 189, 149 Sou. 36. The provisions of the chapter were held to be sufficient to satisfy the due process clause of Section 12 of the Declaration of Rights of Florida and the Fourteenth Amendment to the Constitution of the United States, and we held:

"Notice required in proceedings by city to enforce payment of delinquent taxes under statute is 'legal notice,' which is one in connection with and relating to judicial proceedings, and when read in connection with statute respecting legal notices, statute is sufficiently certain to comply with

due process clause. (Acts 1931 c. 15038, Sec. 4; Comp. Gen. Laws 1927, Sec. 466; Const. U. S. Amend. 14; Const. Fla. Declaration of Rights, Sec. 12.)."

The notice required to give the court jurisdiction in such cases is provided in the third paragraph of Section 4 of the Act, which is as follows:

"Jurisdiction of any of said lands and of all parties interested therein or having any lien thereon, shall be obtained by publication of a notice to be issued as of course by the Clerk of the Circuit Court in which such bill is filed on request of the complainant, once each week for not less than four consecutive weeks, directed to all persons and corporations interested in or having any lien or claim upon any of the lands described in said notice and said bill. Such notice shall describe the lands involved and the respective principal amounts sought to be recovered in such suit for taxes, tax certificates and/or special assessments on such respective parcels of land, and requiring all such parties to appear and defend said suit on or before a rule day specified in said notice, which shall be not less than four weeks after the date of the first publication of such notice. Said notice may be in substantially the following form, with blanks appropriately filled in:"

The first paragraph of Section 4 of the Act provides, in part, as follows:

"At least thirty days prior to the filing of any such bill in chancery, written notice of intention to file the same shall be sent by registered mail to the last known address of the holder of the record title and to the holder of record of each mortgage or other lien, except judgment liens, upon each tract of land to be included in said bill in chancery; such notice shall briefly describe the particular lot or parcel of land, shall state the amount of tax certificate and/or special assessment-liens sought to be enforced and shall warn said

owner and/or holders of liens, mortgages or other liens that on or after the day therein named said bill in chancery to enforce the same will be filed, unless paid on or before said date."

We refrain from discussing the questions as stated by the appellant because the record does not constitute a sufficient basis for the application of the questions stated, but we shall proceed to dispose of the issues presented by the record.

The amended bill of complaint is grounded upon the alleged insufficiency of the service to bind the appellant here, who was complainant in this suit in the court below; but the allegations are entirely insufficient to show that either provision of the statute above quoted was not strictly complied with. In effect, the complainant says that if the statute was complied with she did not receive the notice required to be mailed to her by registered mail and that she did not observe the notice published in a newspaper. The notice required to be mailed thirty days before the institution of the suit, we think, could not be held to be jurisdictional. The giving of that notice is directory so that the landowner may have an opportunity to pay off and discharge the tax lien before the institution of suit.

The bill of complaint shows that the complainant knew that taxes were delinquent and had not paid the same. But the court acquired jurisdiction of the cause by compliance with the section of the statute requiring newspaper publication. The statute, Chapter 15038, *supra,* provides a substantial form of notice to be published to comply with the provision of the third paragraph of Section 4 hereinbefore quoted.

The allegations of a bill of complaint must be measured by the same standards by which proof is to be measured in a case of this kind, or, stated otherwise, paraphrasing what

was said in the case of Shea v. Carlton, *supra,* a court of equity has power to entertain a bill of complaint containing clear and convincing allegations which, being proved, would establish the fact that no service of process whatsoever was ever had upon a necessary party defendant, although such service is shown by the record to have been had and if such allegations are proved to vacate its final decree and proceedings being taken thereon, and thereupon to remit the parties to the same status which they would have occupied had they timely interposed a special appearance to contest the jurisdiction. The allegations of the bill of complaint here under consideration do not meet that rule.

Much is alleged in the bill of complaint concerning matters which are said to have transpired subsequent to the entry of the final decree. These allegations could have no efficacy touching a complainant's right to cancellation or rescission of a final decree sought upon the ground that the court was without jurisdiction to enter the decree. These allegations intimate the existence of a condition which might entitle the complainant to a decree establishing a resulting trust in favor of the complainant upon the theory that the lands held as an estate by the entireties by the husband and wife prior to separation, and held as co-tenants after such separation, could not be acquired by the husband or by a third party for the use and benefit of the husband upon payment of the amount of the tax lien, either upon the foreclosure of such lien against such land or in proceedings pursuant and subsequent thereto to the exclusion of the co-tenant.

Therefore, the orders appealed from will be affirmed, but without prejudice to the appellant instituting such further proceedings as she might deem advisable in the court below.

It is so ordered.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.