ROBERT S. BAYNARD, *et ux.,* v. CITY OF ST. PETERSBURG, *et al.*

178 So. 150.
Division A.
Opinion Filed January 5, 1938.

*Baynard & Baynard,* for Appellants;

*Erle B. Askew* and *Osmond R. Bie,* for Appellees.

BUFORD, J.—The appeal is from an order overruling motion to dismiss bill of complaint as amended.

The purpose of the bill of complaint is to foreclose special assessment certificates. The suit was brought in the name of City of St. Petersburg for the use and benefit of Glenn V. Leeland, as Receiver of the Certificate Sinking Fund of the City of St. Petersburg against Certain Lands upon which Special Assessments are delinquent and the City of St. Petersburg, a municipal corporation, under the provisions of Chapter 14392, Acts of 1929.

The record shows that the City of St. Petersburg issued certificates of indebtedness under the provisions of Chapter 6772, Acts of 1913, and Chapter 6864, Acts of 1915; that these certificates were sold to individuals. The certificates, while being special assessment certificates and creating a lien upon certain properties, were also the general obligations of the City of St. Petersburg and the City guaranteed the payment of the certificates. The certificates were not paid at maturity and suit was filed to enforce payment. While the suit was pending the City redeemed the certificates of indebtedness under a contract with the holders of the certificates and thereupon issued refunding bonds for the principal and non-interest bearing interest certificates were issued in payment of delinquent interest which certificates were not general obligations of the City but were made payable only out of a special fund to be derived from the collection of the original special assessment certificates. The refunding bonds were validated by the Circuit Court. The Supreme Court affirmed the decree validating the bonds and the contract under which the bonds were issued. See State v. City of St. Petersburg, 117 Fla.

300, 157 Sou. 641. That contract provided that the City should have a limited period of time within which to collect the certificates and pay interest from the proceeds thereof and after failure to do so the parties at interest should have the right to enforce the collection by suit in the name of the City. The City failed to make the collection and the interested parties applied to the Circuit Court for a Receiver to take charge of the certificates and foreclose the same in the name of the City. The Director of Finance of the City was named as Receiver by the Court. The City had a beneficial interest in the result of the suit and the title of the certificates were vested in the City. The Receiver held the certificates in trust for the City with the power to sue in the name of the City. The City held other special assessment liens evidenced by special assessment certificates on the same property that was covered by the certificates here involved. The City was unwilling to join as complainant and, therefore, it became necessary for the Receiver holding the certificates to make the City a party defendant so as to make the suit effective to clear the lands involved of liens created by special assessments.

It is shown by the bill of complaint that this was necessary because with the other municipal liens outstanding the lands would not bring enough under foreclosure to satisfy complainant's claim and there would be practically no demand by purchasers if the decree of foreclosure should be such as to leave the lands burdened with other liens of the municipality.

The appellant contends that the motion should have been sustained to dismiss the bill of complaint on the ground that a municipality could not foreclose assessment liens held by a Receiver of a special municipal fund of the City, and (2) that Chapter 15036, Laws of 1931, does not author-

ize the municipality to foreclose a special assessment lien for the benefit of the City Receiver; and (3) that the City could not be both complainant and defendant in such suit as this and further contends that Chapter 15038, Acts of 1931, is unconstitutional for failure to provide that certain notices shall be received. The provision of the statute in that regard is:

"Jurisdiction of any of said lands and of all parties interested therein or having any lien thereon shall be obtained by publication of a notice to be issued as of course by the Clerk of the Circuit Court in which such bill is filed on the request of Complainant, once each week for not less than four consecutive weeks, directed to all persons and corporations interested in or having any lien or claim upon any of the lands described in said notice and said bill. Such notice shall describe the lands involved and .the respective principal amounts sought to be recovered in such suit for taxes, tax certificates and/or special assessments on such respective parcels of land, and requiring all such parties to appear and defend said suit on or before a rule day specified in said notice, which shall be not less than four weeks after the date of the first publication of such notice. Said notice may be in substantially the following form, with blanks appropriately filled in:"

The contention made as to the invalidity of this provision of the statute may be disposed of by saying that in the case of City of Coral Gables v. Certain Lands, etc., 110 Fla. 189, 149 Sou. 36, we held that this provision of the statute was sufficient to comply with the due process clause of the Constitution holding:

"Notice required in proceedings by city to enforce payment of delinquent taxes under statute is 'legal notice,' which is one in connection with and relating to judicial

proceedings, and when read in connection with statute respecting legal notices, statute is sufficiently certain to comply with due process clause. (Acts 1931, c. 15038, Sec. 4; Comp. Gen. Laws 1927, Sec. 4666; Const. U. S. Amend. 14; Const. Fla. Declaration of Rights, Sec. 12)."

Reverting to the first contention, we need only say that in the beginning the certificates belonged to the City. They were sold by the City but the City was guarantor for the payment of the certificates and when it became necessary for the City to make good its guarantee it redeemed the certificates and again became the owner of them. In its contract that the proceeds of the certificates should be applied to the payment of interest which had accrued on its bonds which were refunded, it in effect pledged the fund which should be derived by it from the enforcement of the liens evidenced by the certificates to the payment of that interest and also pledged itself to enforce those liens.

As a matter of convenience those particular certificates belonging to the City, the proceeds of which were pledged to pay past due interest on bonds which had been surrendered for refunding bonds were placed in the hands of a Receiver with authority to enforce payment in the name of the City. It, therefore, follows that it is elementary that the Receiver so appointed and so holding such certificates for such specific purposes was authorized to bring the suit in the name of the City.

The record shows that it was the duty of the Receiver to make the City of St. Petersburg party defendant to this suit. This showing is made by the amendment to the bill of complaint in the following language:

"That the defendant City of St. Petersburg, a municipal corporation, in its corporate capacity, is made a defendant to this cause for the reason that it refuses to join with plain-

tiff in this cause on the plaintiff's side of the case in asserting the liens it owns and holds for assessments duly made for improvements abutting the lands described in this suit, and unless said liens owned and held by the City are adjudicated in this cause, plaintiff will not have an adequate remedy because the value of the lands herein is far less than the amount of the special assessment liens against the same. However, the City is willing to be joined as a defendant herein to have its liens adjudicated but not foreclosed."

The Receiver did not have the right over the objection of the City to include other municipal tax liens praying foreclosure thereof in this suit, but to protect and benefit the fund which it was his duty to guard and protect, it became incumbent upon him to so conduct the suit as to give to the liens held by him the greatest possible value.

The allegations of the bill of complaint are sufficient to show that unless the liens held by the City shall be extinguished by the final decree in this suit nothing can be realized upon the certificates held by the Receiver and owned by the City and pledged for the payment of the interest as aforesaid.

Of course, this suit could not affect the rights of any person or persons who might be the holders of other tax lien certificates issued by the municipality. See City of Miami v. Certain Lands, etc., 126 Fla. 781, 171 Sou. 798. However, no such other certificates are involved in the suit. It is the duty of the City of St. Petersburg as the holder of all the tax liens involved in this suit to so conduct itself that those tax liens which it has pledged to secure the payment of the defaulted interest on the bonds above referred to, will yield the largest possible return for the benefit of the obligee and if the City declines to do this by refusing to become a complainant and submitting all its

certificate liens on the lands involved for foreclosure then the Receiver certainly was in position to ask the Court of Chancery to compel the City to submit its other tax liens upon the involved property to be adjudicated in this suit. The procedure adopted only requires the municipality to do its duty toward its creditor and it necessarily operates to the benefit of the landowner because instead of the suit extinguishing only one lien against his property it will extinguish all the liens brought into this suit.

In equity it can make no material difference whether a party be named as complainant or defendant. Equity looks to the substance rather than to form and equity will be done as between the parties, whether they be found in the company of complainants or of defendants.

The general rule is that all persons materially interested either legally or beneficially in the subject matter of a suit must be made parties either as complainants or defendants so that a complete decree may be made binding upon all the parties. Fla. Land Rock & Phosphate Co. v. Anderson, 50 Fla. 501, 39 Sou. 392; Quinn v. Phipps, 93 Fla. 805, 113 Sou. 419, 54 A. L. R. 1173.

The notice of appeal does not indicate that there is any contention on the part of the City of St. Petersburg that any error was committed by the court in making the order complained of.

No reversible error is made to appear.

The order should be affirmed.

So ordered.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.