W. N. HORNE, RALPH BLACKBURN, and L. GREEN, v. CITY OF OCALA.

196 So. 441
En Banc
Opinion Filed May 21, 1940

*H. M. Hampton,* for Appellants;

*W. Robert Smith* and *John Marshall Green,* for Appellee.

WHITFIELD, J.—The facts are fully stated in the opinion prepared by Mr. Justice BROWN.

Taxes are levied not by contract but "in pursuance of law." Section 3, Article IX, Florida Constitution.

Valid ad valorem tax liens upon described lands may be enforced by statutory proceedings *in rem* brought by a governmental taxing unit in which the lands are located against the described lands as defendant without making the owner of the land a party defendant in the suit (Chapter 15038, Acts of 1931), and due process of law may be afforded by giving the owner of the lands fair, adequate and timely notice of the contemplated or pending *in rem* proceedings as may be prescribed by statute. See 1 C. J. S., p. 1148 and authorities cited; 84 Am. Dec. 74.

In this case the statutory notice by registered letter and publication describing the lands, was given to the owner who did not appear in the *in rem* proceedings which by due course resulted in a judgment and a judicial sale and conveyance to a third party purchaser who sought writ of assistance to obtain possession of the lands. The former owner of the lands for himself and his tenants contested the writ of assistance on grounds challenging the validity of the *in rem* proceedings under which the title to the lands was conveyed to another person by due course of law.

As the *in rem* proceedings were valid, they are binding on the former owner and his tenants though he did not appear in the proceedings after the statutory notice was given; and as such former owner is bound by the *in rem* judgment and the sale and conveyance of the lands, he has no right to contest the execution of the writ of assistance which was issued under the general provision of the statute that "the practice, pleading and procedure in any such suit shall be in substantial accordance with the practice, pleading and

procedure for the foreclosure of mortgages of real estate."
See Chap. 15038, Acts of 1931; Sec. 69, Chap. 14658, Acts
of 1931; 4 Am. Juris., p. 443; 7 C. J. S., p. 8; Ann. Cas.
1913D 1120.

Affirmed.

TERRELL, C. J., BUFORD and THOMAS, J. J., concur.

BROWN and CHAPMAN, J. J., dissent.

BROWN, J. (dissenting).—This is an appeal from a de-
cree of the circuit court granting writ of assistance to put
the City of Ocala, Florida, in possession of certain lands
purchased by the City at a foreclosure sale of municipal
taxes and paving assessments, which foreclosure was insti-
tuted by the City of Ocala against "Certain Lands Upon
Which City of Ocala, Florida, taxes and/or Paving Assess-
ments are Delinquent," under Chapter 15038, Acts of 1931.
Six tracts of land were described in the bill, but none of the
various owners were named in the bill or made parties de-
fendant. One of the tracts on which it was claimed paving
liens were delinquent was owned by appellant, who had it
leased and in the actual occupancy of the two other appel-
lants, Blackburn and Green. The foreclosure proceeded to
sale and confirmation thereof, in strict conformity with the
statute, and being the highest and best bidder, the property
was sold to the City.

On the 23rd day of November, 1939, prior to the filing of
the bill in January following, the city attorney, in compli-
ance with the statute, sent to certain persons, among whom
was the appellant, W. N. Horne, a notice that it was the
intention of the City of Ocala to enforce the paving liens
upon the property now in question, describing same, by a
suit in chancery pursuant to Chapter 15038, Laws of 1931,
on or after December 23, 1938, unless the paving certifi-
cates were redeemed pursuant to said statute. Also in pur-

suance of the statute and of the prayer of the bill, publication of notice was made and proof of publication filed, and affidavit made by the clerk. The notice was addressed "To all persons and corporations interested in or having any lien or claim upon any of the lands described herein;" which was followed by a description of several parcels of land and the amount of the special assessment lien for paving, etc.

The notice thus published stated that: "You are hereby notified to appear and make your defense to said bill of complaint on or before the 6th day of February, A. D. 1939, and if you fail to do so on or before said date the bill will be taken as confessed by you and you will be barred from thereafter contesting said suit, and said respective parcels of land will be sold by decree of said court for non-payment of said taxes and special assessment liens for paving and interest and penalties thereon and the costs of this suit."

This notice did not contain the name of any of the owners or persons interested in any of the described land. Nor did the statute require this to be done.

The decree pro confesso was entered by the clerk on February 6, 1936. Complainant then filed an affidavit with the city clerk setting forth the charges against the several different tracts of land, and also one by the tax collector as to certain of the lands, and also affidavit as to attorney's fees. Final decree was entered on March 6, 1939, fixing the amounts, including attorneys fees, and costs of abstract, and in pursuance thereof the master therein appointed, after advertisement describing the several parcels of land, which was published once each week for two consecutive weeks, sold the land at public sale to the City of Ocala and reported the same to the court. The circuit court confirmed the sale, requiring all in possession to surrender possession upon production of the deed of the special master.

In its decree ordering the sale of the lands the court retained jurisdiction of the cause "to settle all questions arising herein which have not been settled by this decree or other orders and decree in this cause and to make such other and future orders in connection therewith as shall to it seem meet and proper."

No summons as in chancery were issued, no process was served upon the appellants or either of them, and they did not know of the pendency of the proceedings in court until the City of Ocala through its officers exhibited the master's deed and demanded possession from respondent some time after the sale had been confirmed. Upon refusal of the respondent to deliver possession, application was made to the circuit court for writ of assistance, which application was granted by the court and writ of assistance was awarded to the appellee, from which decree the appellants have taken this appeal.

The respondent Horne, appellant here, filed his answer to the application for writ of assistance, setting forth his ownership and possession of the property through and under his tenants Blackburn and Green. His answer shows that he resided in the City of Ocala the entire pendency of the proceedings, and before that, and was personally acquainted with all of the officers and that there was nothing to prevent service of process yet he was not made a party defendant, nor was any effort made to do other than to foreclose against the lands without naming parties; that neither he nor his tenants in possession were notified or had any knowledge of the proceedings until the City demanded possession of the property. He admitted receiving the letter from the City Attorney on November 21, 1938, which warned him that unless the paving assessment was paid a bill in chancery to enforce the same would be filed on or after December

23, 1938. Then he proceeds in his answer to deny that the complainant City was entitled to a writ of assistance to put it into possession of said property and also attacks the constitutional validity of Chapter 15038 on various grounds.

The first question presented by the appellants is whether a municipality which procures a master's deed to lands under the decree of foreclosure. of paving certificates in a suit brought under the provisions of Chapter 15038, Laws of 1931, against the lands only, no service of process being effected upon the owner, and the owner not appearing, is entitled to a writ of assistance to put it into possession of the property against the owner who was in possession at all times during the pendency of the proceedings, but had no knowledge thereof until after the master's deed had issued.

As this Court has on previous occasions sustained the validity of the Act referred to (City of Coral Gables v. Certain Lands, 110 Fla. 189, 149 So. 36), we will confine ourselves to a discussion of the elementary question of statutory construction which is here presented.

The title of the Act reads as follows:

"An Act Relating to the Enforcement of Taxes and/or Special Assessments and Interest and Penalties Thereon Imposed by Any Incorporated City or Town in the State of Florida; Providing a Supplemental, Additional, Optional and Alternative Method of Enforcing Such Tax Liens and/or Special Assessments and Interest and Penalties Thereon by Suit in Chancery in the Nature of a Proceeding *in rem* Against the Lands Upon Which Such Taxes and/or Special Assessments Constitute Liens; and Prescribing the Practice, Pleading and Procedure in Such Suits and Authorizing the Allowance of Reasonable Attorney's Fees Therein."

While in the body of the statute it is said that "any and

all such conveyances by the special master shall vest in the purchaser the fee simple title to the property so sold," nothing is said about the issuance of writs of assistance, either in the title or in the body of the Act.

The statute in question authorizes only proceedings *in rem*, otherwise provision should have been made for service of process upon the property owner. The motion for writ of assistance sought relief *in personam*, and the chancellor in granting such motion, granted relief *in personam* against the property owner.

We do not think that it can be held that the notice or letter sent by the city attorney to the propery owner some weeks before the suit was filed was process. See Cole v. Armour Fert. Works, 237 U. S. 413, 59 L. Ed. 1027, headnote 6. Process can only issue upon the filing of a suit. Section 4646, Compiled General Laws of 1927. Furthermore, Section 37 of Article V of the Constitution provides that " the style of all process shall be 'the State of Florida' and all procedure shall be conducted in the name and by the authority of the State."

The city attorney cannot be regarded as an official having authority to issue process.

Nor was the publication of notice directed to the defendant property owner by name. It was only directed to all persons claiming an interest in the lands described in the notice. The Act states that it is providing a method of procedure "in the nature of a proceeding *in rem* against the lands only upon which such taxes and/or special assessments constitute liens." It is true that in the first section of the Act it is stated that: "The practice, pleading and procedure in any such suit shall be in subtsantial accordance with the practice, pleading and procedure for the foreclosure of mortgages of real estate, except as herein otherwise pro-

vided." But then the Act goes on and provides, as indicated by its title, a proceeding *in rem* against the land only. Indeed, as I understand our former decisions, this is the basis upon which this Court has upheld the constitutional validity of the Act. If it were not a proceeding *in rem* against the lands only, then service of process upon the owner in person, if he were personally within the jurisdiction of the court, or by publication in due form if he were a non-resident or otherwise subject to process by publication, would be essential.

In the case of City of Coral Gables v. Certain Lands, *supra,* the appellant City contended that this statute provided a proceeding purely *in rem,* an action against the land itself, and that therefore personal service of process was not required, even as against those owners who live in this State or in the county where the proceedings are had. While there are in the statute some provisions which are inconsistent with a suit purely *in rem,* to give effect to them would render the statute unconstitutional. This Court recognized this principle in the case of City of Coral Gables v. Certain Lands, *supra,* because in the very beginning of the majority opinion, the second and third paragraphs thereof it is said:

"It is not necessary for us to quote the provisions of the Act in this opinion, as it is available in the published statutes of this State to all who are sufficiently interested to turn thereto and read the same.

"It is sufficient to say that the Act provides for proceedings *in rem* against the property against which a tax assessment has been made, whether such assessment originated as an ad valorem assessment or as a special assessment, where such assessment or assessments, have become a lien, or liens, upon the property."

Since the famous case of Pennoyer v. Neff, 95 U. S. 714,

24 L. Ed. 565, it has become axiomatic that as a general rule constructive service by publication is ineffective where the suit is one *in personam*. In the case of Fleming v. Fleming, 130 Fla. 264, 177 So. 607, this court, speaking through Mr. Justice BUFORD, held that the notice required by publication, as provided in Section 4 of the Act, was sufficient to give jurisdiction of the lands for the purpose of foreclosing the tax liens held by the City of Lakeland, but in that opinion, which was concurred in by all the members of the Court, it was also held that the notice required to be mailed, under Section 4 of the Act, was directory and not jurisdictional. In that connection the opinion said:

"In effect, the complainant says that if the statute was complied with she did not receive the notice required to be mailed to her by registered mail and that she did not observe the notice published in a newspaper. The notice required to be mailed thirty days before the institution of the suit, we think could not be held to be jurisdictional. The giving of that notice is directory so that the landowner may have an opportunity to pay off and discharge the tax lien before the institution of suit."

See also in this connection, Baynard v. City of St. Petersburg, 130 Fla. 470, 178 So. 150.

We think that the effect of these decisions is that the publication of the notice required by Section 4 of the Act gives the court jurisdiction of the land or *res* in question with full power to foreclose existing tax liens or special assessment liens, including interest and penalties thereon, and that the purchaser at the sale is entitled to receive a master's deed which shall vest in the purchaser the fee simple title to the property so sold; provided of course, that the procedure laid down in the Act is properly followed, but the provision with reference to the mailing of notice to

the holders of the record title, or mortgage or other lien, to the last known address, by the city attorney, at least 30 days prior to the filing of the bill, is directory only and is not absolutely essential to the jurisdiction of the court over the land.

Appellee contends that the court below was possessed of power to grant the writ of assistance, as that is the ordinary process issued by a court of chancery to put a person into possession of property to which he is entitled under the decree.

In 4 Am. Jur., 440, it is said: "The writ of assistance is a form of process issued by a court of equity to transfer the possession of lands, the title or right of possession to which it has previously adjudicated, as a means of enforcement of its decree, instead of turning the party over to a court of law to recover such possession."

And on page 441 of the same volume, the text reads as follows: "Generally the writ of assistance is employed wherever a court of equity having jurisdiction *of the persons* and the property in controversy has determined the rights of the litigants to the title or possession of property. The power to issue the writ results from the principle that the jurisdiction of the court to enforce its decree is co-extensive with its jurisdiction to determine the rights of the parties, and the court will carry its decrees into full execution, where it can do so justly, without relying on the co-operation of any other tribunal. However, the exercise of the power to issue writs of assistance rests in the sound discretion of the court." (Emphasis supplied.)

In 5 C. J. at page 1320, the rule is stated to be: "As a rule the writ will issue only against *parties to the suit* or their representatives, or those who came into possession under either of the parties while the suit was pending. In

other words, it will operate only on those whose rights have been determined by the judgment or decree, and *will not issue against persons in possession before suit who were not made parties."* (Emphasis supplied.)

See also in this connection Ann. Cas. 1913D, 1120, note; Hair v. Commercial Bank of Live Oak, 112 Fla. 499, 152 So. 180.

Appellee further contends that inasmuch as Chapter 15038 expressly provides that the practice, pleading and procedure in mortgage foreclosure proceedings, except as otherwise provided in the Act, shall govern in any suit brought under the Act, and that the right of a purchaser at a sale in mortgage foreclosure proceedings to have a writ of assistance is fundamental, the court was justified in granting the writ of assistance in this case.

Furthermore, appellee points out that Sections 4 and 5 of the statute provide that jurisdiction of the lands involved, and of all parties interested therein, or having any lien thereon, shall be obtained by the publication of the notice to be issued by the clerk of the circuit court, which notice was duly published in this case. Also that the Act provides that all persons interested in any parcel of land described in the bill of complaint shall be deemed parties to the cause and may appear and defend the same, and upon failure to appear and defend shall be deemed to have confessed the bill. In support of these contentions appellee also cites the case of West 132 Feet v. City of Orlando, 80 Fla. 233, 86 So. 197. In that case, which is hardly applicable here, it was held that where the jurisdictional steps prescribed by the statute appear on the record to have been legally taken, the court has no power to look behind the record into alleged extrinsic facts tending to impeach the jurisdiction at the instance of one who shows no title or

interest in the property other than bare possession and who seeks to raise such questions for the benefit of others; that in such a case the legality of the proceedings could not be put in issue by such person and that the action of the lower court in granting the writ would not be disturbed. However, it was stated in the last paragraph of the opinion that:

"It is not apparent that the order of the chancellor appealed from could prejudice the rights of the real parties in interest, or any of them, to have the questions suggested by this record, or any other available questions adjudicated in a proper action, but in abundant caution, under the circumstances, the order appealed from should be affirmed expressly without prejudice."

Appellee contends that the respondent to a writ of assistance must either assert a paramount title or question the jurisdiction of the court in the original cause before such respondent can lawfully resist the issuance of a writ of assistance, citing Hair v. Commercial Bank of Live Oak, *supra*, wherein it is said that: "The power to issue a writ of assistance is predicated upon the principle that the jurisdiction of a court of equity to enforce its decree is coextensive with its jurisdiction to determine the rights of the parties to the suit, thereby enabling the equity court to carry its decree into execution, where it can do so justly without relying upon the cooperation of any other tribunal." It is further contended that a respondent in his answer to an application for a writ of assistance cannot raise constitutional questions which could have been raised in the main suit or by appeal from the final decree therein, without subjecting himself personally to the jurisdiction of the court, thus waiving his right to question the jurisdiction of the court over his person. The determination of these questions depends upon the main question in the case, as

to whether or not an action *in rem,* where there is no personal service, can be converted, in part at least, into an action *in personam* by a writ of assistance subsequently to the decree in said suit *in rem* as against record owners or persons in possession who were not served with process in the main suit.

In the case of Howard v. Milwaukee & St. Paul R. Co., 101 U. S. 837, 25 L. Ed. 1081, the Supreme Court of the United States held that a sale in equity under a prior lien will not impair any rights which belong to the holder of the subsequent lien, if the latter duly asserts his right in proper season; that subsequent incumbrancers, when not made parties to a bill for foreclosure or sale are not bound by the decree; that while the decree is not void, because a second incumbrancer was not made a party to the suit, yet his lien remains in full force notwithstanding the decree of sale entered in such proceedings. In the opinion in that case it was said:

"By omitting to make the plaintiff a party to the equity proceeding to enforce their lien, the defendants did not deprive the plaintiff of any legal right, nor was he cut off from any equitable rights which under the law had accrued to him in his position as a subsequent judgment creditor. Had the plaintiff been in possession of the premises when the decree was rendered and when the sale was made, he could not have been dispossessed by any process issued in the equity suit; the rule being that the writ of assistance cannot go against a stranger in a suit for foreclosure, and that the remedy of the party in such case is ejectment."

As shown by the above citation the general rule seems to be that as a rule a writ of assistance will issue only against parties to the suit, or their representatives, or those who came into possession under either of the parties while the

suit was pending, whereas this was a suit *in rem* against the land and neither the property owner nor his tenants in possession were made parties to the suit. The decree could act only upon the *res*. By such decree the title to the land might have been legally vested in the purchaser to whom the master's deed was delivered. The purchaser's remedy was not by writ of assistance against the property owner, who had not been made a party to the suit by service of process, but his remedy to acquire possession was by a new suit, that is, by an action of ejectment.

In Grannis v. Ordean, 234 U. S. 385, 58 L. Ed. 1363, the court said: "In a strict sense a proceeding *in rem* is one taken directly against property, and has for its object, the disposition of the property without reference to the title of individual claimants." See also Hughes v. Hughes (Ky.), 278 S. W. 121; Wilson v. Smart (Ill.), 155 N. E. 238.

We have expressly held that a writ of assistance should not be issued against one in possession at the time suit was instituted, who was not made a party to the suit and holds possession of the premises in his own right under an independent claim of ownership; that the issuance of a writ of assistance is largely discretionary and should be granted only where the right of the applicant is clear, and where it is doubtful, the writ should be denied. Bunch v. High Springs, 76 Fla. 546, 80 So. 319. See also Ray v. Trice, 49 Fla. 375, 38 So. 367.

If this Act had contained a provision for the enforcement of the decree of foreclosure *in personam*, such provision would have been void because not comprehended by the title of the Act, which restricts the Act to proceedings *in rem*. Indeed, in the case of City of Coral Gables v. Certain Lands, *supra,* Mr. Justice BUFORD, writing the majority opinion, said:

"The suit is against the property. In other words it is a suit *in rem* to enforce the payment of the delinquent tax by sale of the property under foreclosure of the tax lien. The statute warrants no personal judgment against the owner of the property or the owner of any interest therein, or any lien thereon."

The statute, Section 2 of Chapter 15038, disclaims any idea of its enforcement against the individual in the last sentence of Section 2, where it says: "Any judgment or decree that may be rendered in any such suit shall be enforceable only against such land."

Thus the statute cannot be so construed as to provide for a personal judgment against the owner of the land, either in the final decree or in some order supplemental to the final decree. And if so construed, the statute would not afford due process of law. Even in an attachment suit, where the defendant has not personally been served, the only judgment that can be entered is one binding the property seized. And to secure possession of realty, the holder of a tax deed thereto must resort to the same legal remedy for possession as the holder of any other deed, which is ordinarily ejectment. 61 C. J. 1395. And we have held that a proceeding to confirm the validity of a tax deed is unknown in this State. It may only be established incidentally by the removal of claims whcih constitute clouds upon the title of the tax deed holder. Brecht v. Bur-Ne Co., 91 Fla. 345, 108 So. 173.

In this case, appellant did not appear and defend the case, as was done in the Coral Gables and other previous cases. Although he was a resident of Ocala he knew nothing of the pendency or result of the suit until possession was demanded of him.

This statute is an unusual one, to say the least, and should

be strictly construed, and those parts of the statute which are beyond the scope of its title should be disregarded. But with regard to the particular question here involved, the right to take possession is not provided for in the body of the Act. Nor are we advised of any statutes in relation to tax sales which contain any suggestion that the government should put the purchaser in possession.

Ordinarily in foreclosure suits, the court has general authority to enforce its decrees, by putting the purchaser in possession, but such right depends upon the jurisdiction of the court over the person of the defendant. However, a writ of assistance may not be issued to try a claim of independent right, nor can the equity court usurp the functions of a law court to try the title of adverse claimants who were not made parties to the equity suit. Therefore the provision in the decree that the purchaser at the foreclosure sale be given possession went beyond the provision of the statute. The most that can be said of the sale under the decree is that:

"Such conveyance by the special master shall vest in the purchaser the fee simple title to the property sold."

For these reasons the order appealed from granting the writ of assistance should, in my opinion, be reversed.