WILLIAM G. McCANN, Appellant, v. CITY OF ST. PETERS-BURG for the Use of Glenn V. Leland, as Receiver of the Certificate Sinking Fund of the City of St. Petersburg, and the CITY OF ST. PETERSBURG, LILLIAN B. MITCHELL, *et vir,* Appellees.

199 So. 264
Division B
Opinion Filed November 26, 1940
Rehearing Denied December 20, 1940

■■■■■■■■■

■■■■■■■■■

■■■■

■■■■■■■

■■■■■■■

*L. D. Martin,* for Appellant;

*Askew & Kiernan,* for Appellees.

CHAPMAN, J.—The record here discloses that the Honorable T. Frank Hobson, a. Judge of the Sixth Judicial Circuit of Pinellas County, entered an order on July 31, 1939, granting leave and authority to file a bill in the nature of a bill of review. Pursuant thereto on July 31, 1939, the bill in the nature of a bill of review was filed and the prayer thereof, among other things, sought. to vacate, set aside and annul a fiscal decree of the Circuit Court of Pinellas County, Florida, dated September 16, 1938, in so far as the final decree affected certain described lands of the plaintiff below. The confirmation of the sale under the final decree was approved by an order of the Court on June 12, 1939.

It was made to appear that the final decree dated September 16, 1938, sought to be vacated or annulled, in part, was made and entered by the lower court under the provisions of Chapter 15038, Acts of 1931, Laws of Florida, and among the legal reasons advanced for setting aside the final decree are, viz.: (1) there was not attached to the bill of complaint a certificate of the attorney to the effect that

written notice had been given as required by Section 4 of said chapter, viz.: ". . . A certificate of the attorney shall be attached to the bill of complaint to the effect that said written notice has been given, and such certificate shall be *prima facie* evidence that the provisions of this section have been complied with. The complainant's counsel shall make diligent inquiry as to the address of the record title and holders of record liens other than judgments and the clerk of the circuit court shall mail by registered mail a copy of the notice hereinafter provided for, to such record owner and holders of record liens other than judgments at such last known address. . . ." (2) The Clerk of the Circuit Court of Pinellas County failed and omitted to mail notice by registered mail as provided by Section 4, *supra;* (3) the sale price of the land was grossly inadequate in that it sold for $3,400.00, when its reasonable cash value was $10,000.00.

On August 16, 1939, a motion was filed to dismiss the bill in the nature of a bill of review on grounds: (a) the bill was without equity; (b) the bill failed to state grounds for the court to exercise its jurisdicton; (c) the court was without jurisdiction to entertain the bill. The case at bar was heard in the lower court on the motion to dismiss the bill in the nature of a bill of review as amended, when the motion to dismiss was sustained and an appeal therefrom has been perfected to this Court.

The order or decree appealed from and assigned as error is, viz.:

"This cause having come before me upon the motion of the defendant, City of St. Petersburg, a municipal corporation, for the use of Glenn V. Leland, as Receiver of the Certificate Sinking Fund of the City of St. Petersburg, Florida, to dismiss the plaintiff's bill in the nature of a bill of review, as amended, and the cause having been argued by counsel for the respective parties thereto, and the

Supreme Court of the State of Florida having upheld the constitutionality of Chapter 15038, Acts of 1931, City of Coral Gables v. Certain Lands (110 Fla. 189), 149 So. 36; Baynard v. City of St. Petersburg (130 Fla. 471), 178 So. 150, and the Supreme Court having further held that said Act is an *in rem* proceeding, City of Miami v. Certain Lands (126 Fla. 781), 171 So. 798; City of Coral Gables v. Certain Lands, *supra,* and the Supreme Court having further held that jurisdiction of the land and of all parties interested therein or having any lien thereon is obtained by the plaintiff complying with the Third Paragraph of Section 4 of said Act. Fleming v. Fleming (130 Fla. 264), 177 So. 607.

"This court, therefore, finds, in view of the foregoing decisions, that the defendant's motion is well taken."

This Court has sustained the constitutionality of Chapter 15038, Acts of 1931, Laws of Florida, against attacks on numerous grounds. See cases cited in the order or decree, *supra,* made and entered by the Honorable T. Frank Hobson, Circuit Judge. Section 4 of Chapter 15038, *supra,* further provides:

". . . It shall be unnecessary to name in such bill or proceedings any person or persons owning or having any interest in or lien upon such lands as defendants. At least thirty days prior to the filing of any such bill in chancery, written notice of intention to file the same shall be sent by registered mail to the last known address of the holder of the record title and to the holder of record of each mortgage or other lien, except judgment liens, upon each tract of land to be included in said bill in chancery; such notice shall briefly describe the particular lot or parcel of land, shall state the amount of tax certificate and/or special assessment liens sought to be enforced and shall warn said owner and/or holders of liens, mortgages or other liens that on or after

the day therein named said bill in chancery to enforce the same will be filed, unless paid on or before said date. . . .

"Jurisdiction of any of said lands and of all parties interested therein or having any lien thereon shall be obtained by publication of a notice to be issued as of course by the Clerk of the Circuit Court in which such bill is filed on the request of complainant, once each week for not less than four consecutive weeks, directed to all persons and corporations interested in or having any lien or claim upon any of the lands described in said notice and, said bill. . . ."

The contention is made that the final decree here challenged is void because the Clerk of the Circuit Court of Pinellas County failed and omitted to send by registered mail to the persons designated thirty days prior to filing suit written notice of intention to file said suit, and that a certificate of the attorney to the effect that the provision as to mailing of notice was not attached to the bill of complaint, rendering the decree fatally defective. In other words, counsel contends that the provisions of the Act are mandatory and a failure to comply therewith renders the decree void on the theory that the court never acquired jurisdiction of the subject matter. Provisions of similar statutes have been held by a number of other jurisdictions to be directory and not mandatory. We think this question has been settled adversely to the contention of counsel in the case of Fleming v. Fleming, 130 Fla. 264, 177 So. 607, viz.:

"The amended bill of complaint is grounded upon the alleged insufficiency of the service to bind the appellant here, who was complainant in this suit in the court below; but the allegations are entirely insufficient to show that either provision of the statute above quoted was not strictly complied with. In effect, the complainant says that if the statute was complied with she did not receive the notice required to be mailed to her by registered mail and that she

did not observe the notice published in a newspaper. The notice required to be mailed thirty days before the institution of the suit, we think, could not be held to be jurisdictional. The giving of that notice *is directory* so that the landowner may have an opportunity to pay off and discharge the tax lien before the institution of suit. The bill of complaint shows that the complainant knew that taxes were delinquent and had not paid the same. But the court acquired jurisdiction of the cause by compliance with the section of the statute requiring newspaper publication. The statute, Chapter 15038, *supra,* provides a substantial form of notice to be published to comply with the provision of the third paragraph of Section 4 hereinbefore quoted." See Horne v. City of Ocala, 143 Fla. 108, 196 So. 441; Baynard v. City of St. Petersburg, 130 Fla. 471, 178 So. 150.

It is next contended that the order or decree confirming the sale made under the terms and conditions of the final decree should be vacated and annulled because of the amount received at the sale for the property was $3,400.00 and the reasonable cash value thereof is the sum of $10,000.00. The answer to this contention is found in the ruling of this Court in the case of Ruff v. Guaranty Title & Trust Co., 99 Fla. 197, 126 So. 383, when this Court said:

"This Court, in Mitchell v. Mason, 75 Fla. 679, text 684, 79 So. R. 163, held that an order confirming a sale under a foreclosure decree is equivalent to an adjudication that the sale was one proper to be approved, and creates a presumption of the regularity of the proceedings. With that rule in force, the burden was on the appellant to overcome the presumption by a proper showing and yet the only ground for the petition that has even remotely any support in the affidavits accompanying it is the one that states that the amount offered for the property was grossly inadequate.

It is not made to appear by either of the affidavits that the person making the same was ready, able and willing to give more for the property, than the amount for which it was sold.

"In 16 R. C. L., page 100, it is said that: 'It is by no means a matter of discretion with the court to rescind a sale which it has once confirmed, nor is· the sale to be rescinded for mere inadequacy of price, or for an increase of price alone, irregularity, .and the like. Some special ground must be laid such as fraud and collusion, accident, mutual mistake, breach of trust, or misconduct upon the part of the purchaser, or other party connected with the sale, which has worked injustice to the party complaining and was unknown to him at the time the sale was confirmed.' "

"This Court has held that the general rule is that mere inadequacy of price is not sufficient to set aside a judicial sale, but 'where such inadequacy is connected with or shown to result from any mistake, accident, surprise, misconduct, fraud or irregularity, the sale will generally be set aside.' Lawyers' Co-op. Publishing Co. v. Bennett, 34 Fla. 302, 16 So. R. 185; Marsh v. Marsh, 72 Fla. 142, 72 So. R. 638; Macfarlane v. Macfarlane, 50 Fla. 570, 39 So. R. 995. In such cases, as stated in Mitchell v. Mason, *supra,* the chancellor has a large discretion which will only be interfered with by the appellate court in a clear case of injustice."

Our study of this record convinces us that the appellant has not brought himself within the above enunciated rule. See Collins Avenue & Ocean Inv. Co. v. Crawford, 114 Fla. 469, 154 So. 211; Tanner v. Batson, 123 Fla. 240, 166 So. 545; Waybright v. Turner, 129 Fla. 310, 176 So. 424; Crichlow v. Equitable Life Assur. Soc. of U. S., 131 Fla. 752, 180 So. 382.

We fail to find error in the record and accordingly the order appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

BUFORD, J., concurs in opinion and judgment.

Chief Justice TERRELL and Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

### ON PETITION FOR REHEARING

CHAPMAN, J.—On petition for rehearing it is pointed out that in the paragraph of the opinion beginning: "The contention is made that the final decree here challenged, etc.," the following language should be deleted, viz.: "The Clerk of the Circuit Court of Pinellas County," and the following language substituted, viz.: "the City Attorney for the City of St. Petersburg." We agree that this correction should be made, and it is so ordered.

It is next contended that the failure or omission on the part of the attorney for the City of St. Petersburg to send by registered mail to the last known address of the holder of the record title, and to the holders of record of each mortgage or other lien upon each tract of land to be included in the bill of complaint, written notice of intention to file a bill in chancery thirty days prior to filing any such suit, and the failure or omission of such attorney for the City of St. Petersburg to file a certificate that the written notice had been sent as required by Section 4 of Chapter 15038, Acts of 1931, Laws of Florida, and the failure to attach to the bill of complaint so filed the certificate as required by Section 4, *supra*, rendered the decree challenged on this record null and void.

We think the answer to this contention is found in the previous decisions of this Court when it was held that the requirements above pointed out were directory and not

mandatory. See Fleming v. Fleming, 130 Fla. 264, 177 So. 607; City of Miami v. Certain Lands, 126 Fla. 781, 171 So. 798. This Court, speaking through the late Mr. Justice Davis, in the last cited case, in part said:

"As has been pointed out, Chapter 15038, Acts of 1931, creates a special *in rem* procedure, applicable to municipalities only, as complainants, and omits to provide for service of summons or constructive service of process against holders of tax certificates that are of *equal* dignity to those of the complainant. Hence the scope of the foreclosure is limited by the Act itself to foreclosing the owner only, and those whose claims are derived from, or subordinate to, the delinquent owner who has neglected to pay his taxes by reason whereof his lands are allowed to be foreclosed. So this is a proceeding *in rem* which can bind only the delinquent land as the *rem* and not those who hold outstanding tax certificates on it that are of equal dignity to the tax claims of the municipality foreclosing under said Chapter 15038."

The bill in the nature of a bill of review alleges, and the truth thereof is admitted on the motion to dismiss, that the Clerk of the Circuit Court of Pinellas County failed and omitted to mail by registered mail a copy of the notice appearing as a part of Section 4 of Chapter 15033 to the record owners and holders of record liens at such last known addresses and for this reason the decree here challenged is void *ab initio*. It is difficult to understand how such a conclusion can be asserted in light of the utterances of this Court in City of Miami v. Certain Lands, *supra,* to the effect that the proceeding to enforce the special assessment under the provisions of Chapter 15038, Acts of 1931, was a proceeding *in rem*. The language used is, viz.:

"Chapter 15038, Acts, 1931, is designed and framed to provide *in rem* procedure that according to its terms can

only be effective for adjudicating and cutting off the delinquent title holder, the mortgage holder, or other persons subordinately interested in the delinquent land itself, as distinguished from adverse tax certificate holders who have rights in the delinquent lands that are equal in dignity to the claims in suit. This is so because the Legislature has the constitutional power to provide a judicial process for cutting off, by an authorized *in rem* foreclosure against delinquent tax lands, the title holder, mortgagees and other persons holding subordinate proprietary or lien interest in delinquent tax lands, when such interests are admittedly inferior in dignity to the lien for taxes.

"But the Legislature would have no right to thus impair and cut off adverse tax certificate lien holders possessing liens of equal dignity to those of the complainant municipal lienor that is authorized to prosecute *in rem* foreclosures under Chapter 15038, *supra,* only against the delinquent taxable interests in the tax encumbered lands involved."

It will be observed that the enforcement of the provision of Chapter 15038, *supra,* is against the property benefited on the theory or principle that the special or local assessment is merely a payment for an increase in the value of the property caused by the improvements placed thereon by virtue of the assessment and it is for this reason that the action to enforce the payment of the costs of the improvement is *in rem* and not *in personam.* The statute here does not provide for a personal liability or judgment against the owner, but his loss for non-payment is that of his property. The statute provides a method whereby the owner is made defendant and granted an opportunity to be heard. The, owner is not here complaining about any of the benefits accruing to his property or that he was denied the privilege or opportunity to pay the amount of the benefits between the time the improvements were completed and the time of the

institution of the suit to enforce the same. He complains because the Clerk failed or omitted to send him a copy of the notice to appear and defend the suit and asserts that for this reason the decree should be set aside. He does not contend that the notice as required by Section 4, *supra,* was not published as required by the terms of the Act.

Statutes for the enforcement of payment for sums due for special assessments are purely statutory and where a statute outlines the procedure to be followed, there must be a substantial compliance therewith. It is contemplated that all the mandatory provisions of Chapter 15038 must be complied with before the property can be sold to satisfy the amount due for the special assessment. See 44 C. J. 828, par. 3470. The due process of law provision of the Constitution is complied with when an opportunity for a hearing or trial is afforded. Volume 44 C. J., page 828, par. 8471, provides:

"Necessity of Hearing.—Where opportunity for hearing or trial is afforded, the statute satisfies the constitutional requirement of due process of law. Hence, the right to a summary judgment is subject to the restrictions and limitations contained in the statutes granting the right and designed to preserve their constitutionality, as for example, that the city board having supervision of the work shall file in court a certificate as to the sufficiency of the performances of the contract and that the landowner shall then be given an opportunity to be heard on whether the improvement conforms to the ordinance, that defendant shall have a right to file an affidavit denying liability and to have a trial of the issues raised thereby, that he shall have an opportunity for contest by means of an equitable proceeding for injunction, or that notice and demand for payment shall be served upon him before execution can issue."

Some States have enacted laws under which warrants

are issued to the contractor making the improvements and the enforcement thereof is accomplished by an ordinary foreclosure suit. See McQuillin on Municipal Corporations (2nd Ed.), Vol 5, pages 881-2, par. 2287. In some States Acts authorizing the issuance of distress warrants and a sale of the land improved have been sustained by the Courts. See McQuillin on Municipal Corporations (2nd Ed.), Vol. 5, Sections 2289, 2290, pages 882-3.

The conclusion is inescapable that the failure of the clerk to send to the last known address of the owner of the property a notice of the suit as is provided for in Section 4 of the Act, *supra,* is at most directory and not mandatory. We have carefully considered the petition for rehearing and fail to find error.

The petition for rehearing is hereby denied.

TERRELL, C. J., WHITFIELD and BUFORD, J. J., concur.

BROWN, J., concurs in conclusion.

Justices THOMAS and ADAMS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.