FANNIE REINA, et al., v. ELSIE B. HOPE, a single woman.

30 So. (2nd) 172
April 25, 1947
Rehearing Denied May 16, 1947

January Term, 1947
Division A

*Lewis E. Purvis,* for petitioners.

*M. A. Rosin, Karl E. Whitaker, William E. Thompson, J. Lewis Hall, Lewis H. Tribble, T. M. Shackleford, Jr., Carroll R. Runyon, Edward L. Semple, Park H. Campbell, Francis C. Dart, Archie Clement, Fred T. Peebles, George W. Smith, John D. Harris, Ben Fuqua, G. B. Knowles, A. R. Surles, Jr., Harry E. King, Maurice J. Wilson, Campbell Thornal, Walter W. Woolfolk, Latimer A. Long, Rodgers & Kirkland,* for respondent.

*Fred R. Wilson, William M. Madison* and *W. Robert Smith,* as amicus curiae.

TERRELL, J.:

This is an in rem proceeding to foreclose municipal tax liens in the manner provided by Chapter 15038, Acts of 1937, Chapter 173, Florida Statutes 1941. The point in controversy is whether or not due process is satisfied when property is advertised and sold for taxes in an in rem proceeding without any notice to the owner other than the published notice required by Section 173.04, Florida Statutes 1941.

On November 15, 1946, this case was before us and we held that to satisfy the elements of due process, actual or constructive notice of the suit to foreclose the tax lien must be brought to the attention of the property owner at some state of the litigation. On January 28, 1947, the matter was again considered by us on petition for rehearing and we reaffirmed our ruling of November 15th, our thought in both cases being that if constructive notice was relied on, copy of the notice should be mailed to the last known address of the owner. On February 28, 1947, the matter was brought to our attention the third time by application to file an extraordinary petition for rehearing. We reopened the case ex mero motu and permitted briefs to be filed on the point stated in the forepart of this opinion.

The answer to the question presented turns on the interpretation of Section 173.04, Florida Statutes 1941. We agreed to re-open the case for the present consideration because of variance in the interpretation of our opinion in Fleming v. Fleming, 130 Fla. 264, 177 So. 607, and McCann v. City of St. Petersburg, 145 Fla. 158, 199 So. 264. Both these cases had to do with the matter of constructive service as required by Section 173.04. On first consideration of the instant case we were impressed with the fact that there were material factual differences between Fleming v. Fleming and McCann v. City of St. Petersburg, but on further consideration we have decided that no such differences exist. The point decided in both cases was that the thirty day written notice required by Section 173.04 to be mailed by registered mail to the last known address of the owner was directory only.

The court is now of the view that the third paragraph of Section 173.04, "jurisdiction of any of said lands and of all parties interested therein or having any lien thereon shall be obtained by publication of notice to be issued as of course by the Clerk of the Circuit Court in which bill is filed, on the request of complainant, once each week, for not less than four consecutive weeks, directed to all persons and corporations interested in or having any lien or claim upon any of the said lands described in said notice and said bill," is ample to satisfy due process without further notice to the land owner and would be sufficient on which to predicate sale of his lands for non-payment of taxes.

This appears to have been the interpretation placed on Fleming v. Fleming and McCann v. St. Petersburg, by Counties and Municipalities in the foreclosure of tax liens, and many sales have been so made. It may be justified on the theory that the land owner is on notice that his taxes are due every year; that they are required to support the government, and being so, the published notice, without more, is sufficient, to apprise him that his lands will be sold to satisfy his taxes. It cannot be reasonably contended that this is an unwarranted interpretation of Fleming v. Fleming and McCann v. City of St. Petersburg. The following cases also support this holding: Leigh v. Green, 193 U.S. 79, 48 L.

ed., 623; Winoma & St. Peter Land Co. v. State of Minnesota, 159 U. S. 526, 40 L. ed., 247; Hager v. Reclamation District, 111 U. S. 701, 28 L. ed., 569; Longyear v. Toolan, 209 U. S. 414, 52 L. ed., 859; Ballard v. Hunter, 204 U. S. 241, 51 L. ed., 461. The judgment in these cases is against the land, they are more of a summary nature and are not to be tested by the rigid requirements exacted for due process in actions involving personal and property rights.

While I think this holding is amply supported by the foregoing authorities, the writer of this opinion is of the view that the Court went further than it was warranted in going when it held in Flemming v. Flemming and McCann v. City of St. Petersburg that the notice requiring thirty days before bringing suit to foreclose was directory only and did not have to be mailed to the land owner. The first paragraph of Section 173.04 requires in terms that "written notice of intention to file the same (bill to foreclose), shall be sent by registered mail to the last known address of the holder of the record title." The purpose of mailing the notice was to alert the land owner that his property is about to be sold for non-payment of taxes. Such a requirement is not in conflict with the Federal or State requirement for due process and when read in its entirety the statute warrants this interpretation. In City of Coral Gables v. Certain Lands, 110 Fla. 189, 149 So. 36, one of the first cases in which we construed Section 173.04 we recognized the requirement of mailing the written notice as an essential part of the act though we seem to have departed from it in Flemming v. Flemming and McCann v. City of St. Petersburg.

It follows that the published notice and nothing more in an in rem proceeding to foreclose municipal tax liens is sufficient to satisfy both State and Federal requirements of due process, so our opinions of November 15th and January 28th, are withdrawn and held for naught.

Petition for certiorari is denied.

THOMAS, C. J., BUFORD and CHAPMAN, JJ., concur.