GRACE M. DAYTON v. THE STATE LIFE INSURANCE CO.

154 So. 208.
Opinion Filed April 16, 1934.

*Leland Hyzer,* for Appellant;

*Stapp, Gourley, Vining & Ward,* for Appellee.

PER CURIAM.—Upon appellee's motion to dismiss the appeal herein as frivolous the Court has examined the record and has ascertained therefrom as well as from the brief of counsel for appellant herein, that the only question to be decided is that arising on appellant's assignments of error to the effect that the court below erred in entering the interlocutory order appealed from, which is simply an order refusing to vacate a confirmation of foreclosure sale. Neither the decree of foreclosure nor the order of confirmation itself is appealed from. The motion which was denied by the order appealed from presented no objections to the validity of the confirmed sale, all that was asked for being that the court set aside the confirmation and allow defendant a reasonable time to examine the master's report in order to consider the terms of sale. It is contended that this should be done because defendant was given no notice of filing of master's report of sale in the first instance.

Appellant not being in default nor a decree *pro confesso* having been entered against her, was entitled to notice of the hearing at which the order was entered confirming the master's report of sale. But in the absence of an affirmative

showing that it was not waived, the mere making of an order of confirmation will be deemed to give rise to the presumption on appeal that the notice required was in fact given, or that its absence was waived. Appellant in order to show the contrary should apply to the chancellor for a certificate or other notation in the record, that the order was made without notice. Absence of notice will not be presumed on appeal merely because the record is silent on the subject. The presumption in favor of regularity of the chancellor's order is sufficient to sustain the order where the record as to notice is silent.

In the present case, assuming that no notice was given and that error was committed in the confirmation without notice of the master's report of sale, it conclusively appears that the irregularity was entirely harmless and that therefore the error relied on for reversal is not a substantial one.

. In cases where no substantial errors are made to appear in a record brought here on appeal or writ of error, and the Court in considering a motion to dismiss the appeal or writ of error as frivolous is made aware of that fact from the transcript of the record and from appellant or plaintiff in error's brief, the Supreme Court in passing upon the motion to dismiss the appeal or writ of error as frivolous, will ignore the motion and affirm the judgment or decree appealed from after finding it free from substantial error. Butler Farms, Inc., v. Hinson, 113 Fla. 860, 152 Sou. Rep. 720; Ronald v. State, *ex rel*. Harris, 113 Fla. 859, 152 Sou. Rep. 721.

Affirmed on motion to dismiss.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.