DANIEL E. SHEA v. KITTIE L. CARLTON, et al.

156 So. 495.
Opinion Filed September 11, 1934.

*W. A. Rothar,* for Appellant;

*L. E. Goodrich* and *J. W. Watson, Jr.,* for Appellees.

DAVIS, C. J.—This appeal was taken from an order of the Circuit Court finding, after final decree of foreclosure and

issuance of a master's deed thereunder, that the sheriff's return of the service of process on one of the defendants was incorrect and untrue, and that in law and in fact no service of process whatsoever was had at all upon the defendant, Kittie L. Carlton, in manner and form as returned by the sheriff.

The order appealed from was made pursuant to an informal petition filed in that particular cause wherein the final decree had been entered, and the order as made contains a recital in terms that it was entered only upon the "Court having taken and heard the testimony of witnesses. for both complainant and defendant." The testimony referred to is not brought here in the transcript, nor are we advised officially of what it consisted at the hearing.

A court of equity has power, upon clear and convincing proof being established to the effect that no service of process whatsoever was ever had upon a necessary party defendant, although so recited and returned by the sheriff in his official return upon the process issued in the cause, to vacate its final decree and proceedings being taken thereon, and thereupon to remit the parties to a new consideration by a reinstatement of the cause for further proceedings according to law. But the formal method of procedure for so doing is by means of a bill in the nature of a bill of review setting up the equitable facts upon which the final decree and proceedings based thereon, are requested to be opened up and set aside. Miami Bank & Trust Co. v. Mahlstedt, 107 Fla. 282, 144 Sou. Rep. 659.

No objection to the form of procedure pursued in this case was raised by appellant in the court below, so far as the record shows. Nor are we advised from the transcript upon what evidentiary considerations the Chancellor acted in making his order setting aside the final decree and thereby reinstating the cause on the docket for further hearing and

consideration. Nor does reversible error appear in the proceedings disclosed by that part of the record that is before us.

In view of the circumstance that it is obvious to us from the transcript and examination we have made of it with the aid of appellant's brief, that the order appealed from must inevitably be affirmed when this case is finally reached on our docket in due course, we affirm it now by denying the appellees' motion to dismiss the appeal as frivolous and entering a judgment disposing of the appeal on its merits. See Dayton v. State Life Ins. Co., 114 Fla. 538, 154 Sou. Rep. 208.

Affirmed on motion to dismiss as frivolous.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.