JAMES A. TREAT, as Mayor-Commissioner, H. W. BARNUM, H. B. CARLETON, GEORGE KRAFT and L. A. DETWILER, as Commissioners, and W. H. SCHULTZ, as Clerk and Tax Assessor of the City of Winter Park, v. STATE, *ex rel.* EDITH B. MITTON, *et vir.*

163 So. 883.

Opinion Filed November 4, 1935.

*W. E. Winderweedle* and *Jones & White,* for Plaintiffs in Error;

*Hope Strong,* for Defendants in Error.

DAVIS, J.—Where, on motion to dismiss a writ of error as frivolous, it appears that the case on appeal has been fully briefed on each side, and the contention of the opposing parties thereby made clearly to appear by the written arguments adduced, and where it is obvious that the judgment appealed from must inevitably be affirmed in due course of appellate procedure when the case is reached on the appellate court's docket in due course, the motion to dismiss the writ of error as frivolous may be denied and the judgment affirmed on its merits, even though the writ of error is not frivolous in a sense to warrant its summary dismissal under the statute. Section 4639 C. G. L. 2920 R. G. S.; Butler Farms, Inc., v. Hinson, 113 Fla. 860, 152 Sou. Rep. 720; Ronald v. State, *ex rel.* Harris, 113 Fla. 859, 152 Sou. Rep. 721; Dayton v. State Life Ins. Co., 114 Fla. 538, 154 Sou. Rep. 208; Shea v. Carlton, 116 Fla. 507, 156 Sou. Rep. 495.

A frivolous appeal is not merely one that is likely to be unsuccessful. It is one that is so readily recognizable as devoid of merit on the face of the record that there is little, if any, prospect whatsoever that it can ever succeed.* See Hopkinson v. Kennedy, 225 Mass. 231, 114 N. E. Rep. 204. It must be one so clearly untenable, or the insufficiency of which is so manifest on a bare inspection of the record and assignments of error, that its character may be determined without argument or research. An appeal is not frivolous where a substantial justiciable question can be spelled out of it, or from any part of it, even though such question is

---

*An example of a plainly frivolous writ of error would be one taken to an order granting a new trial on matters *in pais* where no bill of exceptions was made up or tendered to support the attempt to challenge the propriety of the order on appeal.

unlikely to be decided other than as the lower court decided it, i. e., against appellant or plaintiff in error.

Where the writ of error is plainly not frivolous within the rule above stated, this Court may deny the motion and retain the case on its docket for final decision in due course, without exercising its right to dispose of it then and there on the merits, as countenanced in the authorities hereinbefore cited, in all cases where disposition of the case on its merits pursuant to the motion to dismiss the appeal as frivolous, would operate simply to give appellant interposing it an advancement of his cause on this Court's docket to the prejudice of other cases here ahead of it, without at the time serving any special convenience to the appellate court.

Motion to dismiss writ of error as frivolous denied.

WHITFIELD, C. J., and TERRELL, BROWN and BUFORD, J. J., concur.