684 So.2d 320 (1996)
BERMAN & FELDMAN, Philip M. Berman and Robert Feldman, Appellants,
v.
WINN DIXIE, INC., a Florida corporation, Noble Management Company, a Florida corporation, and Carvel Corporation, a Delaware corporation, Appellees.
No. 95-1466.
District Court of Appeal of Florida, Fourth District.
December 18, 1996.
*321 Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A. and Eric Peterson of Peterson Bernard Vandenberg Zei Geisler & Martin, P.A., West Palm Beach, for appellants.
Mark F. Bideau, Elizabeth A. Rogers of Greenberg Traurig Hoffman Lipoff Rosen & Quentel, P.A., West Palm Beach, for Appellees-Winn Dixie Stores, Inc. and Carvel Corporation.
Steven L. Robbins of DeSantis, Gaskill, Smith & Shenkman, P.A., North Palm Beach, for Appellee-Noble Management Company.
MEL GROSSMAN, Associate Judge.
We live in a time when it increasingly appears that process has become as important as, if not more important than, substance. The problem with this is that process, unlike substance, is susceptible to gamesmanshipand, of course, the principal purpose of games is to win. The late George Allen, Sr., while serving as coach of the Washington Redskins football team, once said that the only thing worse than dying was losing. Perhaps that is an appropriate attitude for professional sports. It is not equally appropriate for all areas of human endeavor. Today, regretfully, some seem to view winning a case as more important than supporting the system that all of us look to for justice and, unfortunately, the title of "Officer of the Court," a distinguished and important role for members of the bar, at times seems to have become a phrase carrying more irony than truth. The instant case and the actions of the appellants below are an example of this:
LaDolce Viva, a Florida corporation (hereinafter "LaDolce") and operator of a Dairy Queen, leased a store in a shopping center from Noble Management Company (hereinafter "Noble"). The rider to the lease agreement entered into between LaDolce and Noble contained the following language:
That so long as Lessee is not in default during the term of the lease and any renewals thereof, Lessor hereby agrees not to lease any space in the Building to an entity or person whose principal business is the sale of soft serve, ice cream, frozen yogurt, or other related frozen desserts.
Prior to that, Winn Dixie, a supermarket, had also leased space from Noble in the same *322 shopping center and subsequent to LaDolce entering into its lease, placed a Carvel ice cream freezer in the store measuring approximately 3'×3'×6' and holding Carvel ice cream products.
LaDolce filed a verified complaint for a restraining order, damages and attorneys' fees against Winn Dixie and Noble alleging that the defendants had entered into an agreement whereby Winn Dixie had begun selling the Carvel products in direct violation of LaDolce's lease with Noble.
Noble sought a dismissal based upon the fact that the complaint did not allege that the primary business of Winn Dixie was the sale of soft serve, ice cream, frozen yogurt, or any other related frozen dessert, as specifically provided for in the lease. During the hearing on that motion, LaDolce's attorney, Robert Feldman (hereinafter "Feldman"), in open court amended the complaint by interlineation to allege that Winn Dixie's principal business was the "sale of ice cream as stated in the non-compete rider," rendering the motion to dismiss moot.
LaDolce again amended its complaint, verified by its president, Sal Viva (hereinafter "Viva"), adding Carvel as a defendant, although Carvel was not a party to the lease, and adding a count for tortious interference with contract against Winn Dixie based upon an allegation that Winn Dixie knowingly interfered with the noncompete provision of the lease by entering into an agreement with Carvel for Winn Dixie to sell Carvel products.
Prior to the filing of this amended complaint, Viva testified in deposition that he knew nothing of any agreement between Noble and Winn Dixie for the sale of Carvel products and that he knew that Winn Dixie's principal business was not the sale of ice cream. As a result, Noble, joined by Winn Dixie and Carvel, filed a motion for attorneys' fees and costs based upon section 57.105, Florida Statutes (1993). Noble also filed a motion requesting that the court hold Viva in contempt.
At the hearing that took place on the motion to show cause, Feldman testified that the second amended complaint was signed by Viva prior to the deposition and filed after it, leading the trial judge to inquire whether, based upon Viva's testimony at his deposition, the complaint was being withdrawn. Feldman advised the court that it was not and that in his opinion the proper course of action would be summary judgment.
LaDolce voluntarily dismissed its action and shortly thereafter Noble, Winn Dixie and Carvel again filed a motion for attorneys' fees and costs pursuant to section 57.105, Florida Statutes (1993).
The trial court determined that there was a complete absence of justiciable issues of law or fact and granted attorneys' fees pursuant to section 57.105, Florida Statutes, assessing equally against LaDolce and Berman & Feldman, P.A. Noble was to receive half of its fees, $3,945 from Philip M. Berman, Robert Feldman and Berman & Feldman, jointly and severally.
The trial court entered a supplemental final judgment awarding fees and costs to Winn Dixie and Carvel whereby appellants were to pay one-half of $11,263.20, representing attorneys' fees, expert witness fees and prejudgment interest.
Appellants appeal from the final judgment and the supplemental final judgment. LaDolce has withdrawn from the appeal.
Section 57.105, Florida Statutes (1993) states:
The Court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the complaint or defense of the losing party; provided, however, that the losing party's attorney is not personally responsible if he has acted in good faith, based on the representations of his client.
Appellants correctly contend that fees should be awarded pursuant to section 57.105, Florida Statutes when an action is so clearly devoid of merit both on the facts and the law as to be completely untenable. Muckenfuss v. Deltona Corp., 508 So.2d 340, 341 (Fla.1987). Before an award of attorneys' *323 fees may be made, the trial court must find that the position advanced by the losing party was virtually frivolous, and each finding must be based upon substantial competent evidence presented to the court. Strothman v. Henderson Mental Health Ctr., Inc., 425 So.2d 1185 (Fla. 4th DCA 1983).
In this case, the trial court so found a finding clearly supported by the record. Indeed, the instant case is one "`so clearly untenable, or the insufficiency of which is so manifest on a bare inspection of the record and assignments of error, that its character may be determined without argument or research.' " Whitten v. Progressive Casualty Ins. Co., 410 So.2d 501, 505 (Fla.1982) (quoting Treat v. State ex rel. Mitton, 121 Fla. 509, 163 So. 883, 883 (1935)).
Nor is the "good faith" exception specifically provided in the statute and argued by appellants supported by any part of this record. The actions of counsel in the court below in attempting to create a cause of action where none existed were both unreasonable and unprofessional. Not only was Feldman aware that the complaint was deficient, but he personally interlineated in the allegation in question, knowing that it was insupportable, in an obvious effort to avoid dismissal. The trial court, therefore, was required to award fees.
Appellants also attempt to contend that the award of fees was based upon circumstances that did not occur at the inception of the lawsuit. However, while the evidence that proved the frivolousness of the action was not submitted until subsequent to the filing of the complaint, it clearly indicated that the action was without merit from the moment of inception.
Appellants also argue that the trial court erred in assessing costs against them. The trial court imposed the costs against LaDolce only. However, in the supplemental final judgment, an eight-hundred-dollar expert witness fee, along with prejudgment interest thereon, was assessed against the appellants. This was error since section 57.105 does not provide for the imposition of costs against the losing party's attorney. See Travieso v. Travieso, 474 So.2d 1184 (Fla.1985).
Therefore, the decision of the trial court is affirmed in part and reversed in part. We direct that this cause be remanded to the trial court to impose the expert witness fee and any prejudgment interest thereon upon LaDolce only.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
STEVENSON and GROSS, JJ., concur.