THOMPSON, C.J.
Cheryl A. Williams appeals an order requiring her to pay the attorney’s fees of her former husband, Myles S. Daniel. We reverse.
The final judgment of dissolution, filed March 17, 1993, required Daniel to pay $69.76 weekly as child support. It also required him to pay $28.17 weekly to pay down an arrears (the original arrears) of $1464.96. The original arrears resulted from the former husband’s failure to pay prejudgment temporary child support.
By July 1993, the former husband should have made 15 payments of $69.76 plus $28.17, for a total of $1468.95. The court minutes of a hearing held in July 1993, show that he had paid only $1275 of the $1468.95, resulting in a deficit of $193.95. The court’s order, issued in August 1993, stated that the former husband was $193.95 in arrears. It ordered the former husband to pay the arrears by September 1, 1993, and to continue paying $97.95 weekly as previously ordered.
On receipt of this order, the clerk of the court in the child support section reduced the former husband’s arrears of temporary support to $193.95. In retrospect at least, it is clear from the August 1993 order and the court minutes that the court did not intend to reduce the original arrears to $193.95. Rather, the former husband was adjudged to be behind in his weekly obligation by $193.95. When the August 1993 order was entered, the original arrears had been paid down by about $400, leaving about $1000 of the original arrears to be paid. The August 1993 order essentially ordered the former husband to bring himself current by paying $193.95, and to resume the support payments and arrears pay-down. The clerk of the court, though, thought that the reference to “arrears” in the order was a reference to the amount still owed for temporary support, and as a result, forgave a substantial portion of the temporary support the former husband had failed to pay. Obviously, however, if the court had thought that only $193.95 remained of the original arrears, it would not have ordered the former husband to pay it by the first of September, and to continue to pay as previously ordered: the previous order required payments toward the arrears.
The reduction of the arrears, no doubt aided by the former husband’s history of irregular and late payments, led to confusion. The former wife’s June 1995 motion alleging a deficit was denied (for reasons unstated in the order), and she withdrew a similar motion, filed in September 1995. In November 1995, the former wife filed a motion alleging that the clerk of the court had misinterpreted the August 1993 order. She asked the court to amend the August 1993 order, which was entered by a predecessor judge. She also moved for a contempt order, alleging that the former husband had failed to make his payments timely.
The court denied both motions. In the February 1996 order, the court stated that the August 1993 order, along with the court minutes, clearly indicated that in August 1993, the former husband’s arrears amounted to $193.95. The court denied the motion for contempt because the clerk of court records showed that the former husband had a credit of $1000.60.
On March 4, 1996, the former wife moved for rehearing of the order denying the motion to amend August 1993 order, and for an order of contempt. Attached to *1181 the motion was an affidavit from the clerk of the court’s office stating that the former husband was (at that point) $400 in arrears. The court clerk testified at the hearing that she had recognized the error caused by the wording of the August 1993 order. Simple arithmetic showed that by August 1993 the former husband had not paid down the original arrears to $193.95, but that the $193.95 was the deficiency caused by the former husband’s failure to make the payments as ordered in the final judgment. Accordingly, the clerk adjusted the records to reflect accurately the August 1993 order. Between the time she made the adjustment, however, and the time of the hearing, she received the court’s order of February 1996. This order, which showed the former husband had a credit of $1000, caused her again to adjust the records, resulting in a credit of $372.46. The former wife proffered the clerk’s testimony that a calculation of the amounts ordered in the final judgment, and the amount actually paid to date, resulted in a deficit of $669.65.
In the order denying the motion for rehearing, the court stated that it did not have jurisdiction to amend the earlier order, because the motion was not made within ten days after the order was issued, and because there was no evidence of fraud or clerical error. In the order denying the former wife’s motion for contempt, the court ruled that the former husband had a credit of $372.46. In addition, the court granted the former husband’s previously filed motion for attorney’s fees pursuant to section 57.105, Florida Statutes. During the hearing the court initially denied the motion for attorney’s fees, stating that the motion might have had merit in the absence of the testimony of the court clerk. The court’s patience was taxed, however, when the former wife’s counsel sought to proffer the amounts owed and paid to date, and the court granted the motion for fees. The successor judge ruled it was bound by the earlier order, and entered an order setting the amount of fees at $2,000.
The court never stated a basis for the fee award, but the former husband’s motion for fees was based on section 57.105, Florida Statutes. Section 57.105 provides:
Attorney’s fees. — The court shall award a reasonable attorney’s fee to the prevailing party in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party.
Furthermore, in ruling on a motion for attorney’s fees in a dissolution case, a court may take into account the fact that an action is frivolous or spurious or was brought primarily to harass the adverse party. Rosen v. Rosen, 696 So.2d 697 (Fla.1997).
As a prerequisite to an award of attorney’s fees under section 57 .105, the court must find a complete absence of a justiciable issue of either law or fact raised by the losing party. Whitten v. Progressive Casualty Ins. Co., 410 So.2d 501, 505 (Fla.1982), receded from, on other grounds, Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985). This is tantamount to a finding that the action is frivolous. Id. The trial court must find that the action is so clearly devoid of merit both on the facts and the law as to be completely untenable. Id. A trial court’s finding of a complete lack of a justiciable issue is justified in cases where the attempt to create a controversy is frivolous. Id.
The language of section 57.105 is analogous to this Court’s definition of a frivolous appeal found in Treat v. State ex rel. Mitton, 121 Fla. 509, 510-511, 163 So. 883, 883-884 (1935):
A frivolous appeal is not merely one that is likely to be unsuccessful. It is one that is so readily recognizable as devoid of merit on the face of the record that there is little, if any, prospect whatsoever that it can ever succeed. It must be one so clearly un *1182 tenable, or the insufficiency of which is so manifest on a bare inspection of the record and assignments of error, that its character may be determined without argument or research. An appeal is not frivolous where a substantial justiciable question can be spelled out of it, or from any part of it, even though such question is unlikely to be decided other than as the lower court decided it, i.e., against appellant or plaintiff in error.
(Citation and footnote omitted).
Whitten, 410 So.2d at 505 (quoting Treat v. State ex rel. Mitton, 121 Fla. 509, 163 So. 883, 883-84 (Fla.1935)).
In the instant case, far from being devoid of merit, the former wife’s motion for rehearing showed that the clerk of the court had misunderstood the order of August 1993 and erroneously relieved the former husband of approximately $1000 of the support obligation he had failed to pay. Given the financial circumstances of the parties, this is not an insubstantial sum. Although it is true that the former wife made a motion to amend the 1993 order, and then moved for rehearing, she had a clerk’s affidavit showing a deficit in the former husband’s support payments. By the time of the hearing, the former husband had a competing affidavit showing a credit. As the court itself recognized, however, the competing affidavit was based on the court order referring to a credit of $1000. That order, as the court also recognized, was based on the clerk’s records, and it is eminently clear that the clerks’ records were based on an erroneous interpretation of the August 1993 order. Because these competing affidavits themselves created a justiciable issue, we reverse the order awarding the former husband attorney’s fees.
REVERSED.
SAWAYA and PLEUS, JJ., concur.