PER CURIAM.
 

 Edward Werdell has filed a petition for writ of habeas corpus purporting to challenge various aspects of his judgments and sentences in Pinellas County circuit court cases 02-04399-CF, 02-07159-CF, 03-02914-CF, 03-09410-CF, 03-10735-CF, 03-12407-CF, 03-13875-CF, 03-18719-CF, and 03-18738-CF. In response to the petition and in view of Werdell’s numerous filings over the past several years, almost all of which have been frivolous, we issued an order to show cause why this court should not direct the clerk to reject pleadings filed in this court related to the nine circuit court cases unless the filing is submitted by an attorney. Werdell has not filed a substantive response to our order. We therefore deny the petition and direct the clerk to place in an inactive file any notices of appeal or original proceedings filed by Werdell pro se relative to the nine circuit court cases unless the filing is signed by an attorney.
 

 On October 24, 2003, Werdell pleaded guilty to nine felonies in five cases in the circuit court and admitted to violation of probation in two additional cases. The circuit court sentenced him in these cases to an overall prison term of fifteen years. On May 6, 2004, Werdell pleaded no contest to five felonies in another case and was sentenced to five years in prison concurrent with his earlier sentences. On August 10, 2004, he pleaded guilty to three felonies in an additional case and was sentenced to five years in prison, concurrent with his other sentences.
 
 [1]
 
 Werdell did not file a direct appeal in any of these cases.
 

 Subsequently, Werdell filed numerous postconviction motions in the circuit court. Most if not all of these were dismissed or denied, and this court affirmed those orders that were appealed.
 
 [2]
 
 On June 24,
 
 *877
 
 2007, the circuit court rendered an order barring Werdell from filing any pro se pleadings. Werdell filed a notice of appeal challenging that order in case 2D07-944 but voluntarily dismissed the appeal.
 

 Since 2004, Werdell has filed a total of fifty actions in this court relative to one or more of his nine circuit court cases, including the postconviction appeals just mentioned, twenty-four habeas petitions, five petitions for writ of certiorari, four petitions for belated appeal, and several additional appeals and mandamus petitions.
 

 The habeas petitions, the petitions for writ of certiorari, and all but the earliest-filed petition for belated appeal are frivolous.
 
 See Mercade v. State,
 
 698 So.2d 1313, 1315 (Fla. 2d DCA 1997) (‘“A frivolous appeal is not merely one that is likely to be unsuccessful. It is one that is so readily recognizable as devoid of merit on the face of the record that there is little, if any, prospect whatsoever that it can ever succeed.’ ”) (quoting
 
 Treat v. State ex rel. Mitton,
 
 121 Fla. 509, 163 So. 883, 883 (1935)),
 
 disapproved of on other grounds by Hall v. State,
 
 752 So.2d 575 (Fla.2000). Almost without exception, Werdell’s filings seek relief that cannot be granted with respect to the category of petition filed. The habeas petitions, including the petition filed in the present case, all concern direct-appeal, postconviction, or sentencing issues that were or should have been raised in the circuit court.
 
 See, e.g., Baker v. State,
 
 878 So.2d 1236, 1245 (Fla.2004) (“The remedy of habeas corpus is not available in Florida to obtain the kind of collateral postconviction relief available by motion in the sentencing court pursuant to rule 3.850.”);
 
 Breedlove v. Singletary,
 
 595 So.2d 8, 10 (Fla.1992) (“Habeas corpus is not a second appeal and cannot be used to litigate or relitigate issues which could have been, should have been, or were raised on direct appeal.”). Moreover, not only are the habeas petitions frivolous, they are frequent and repetitious, raising the same issues in various combinations.
 

 The petitions for writ of certiorari request a remedy that does not exist in certiorari; as such, there is no “ ‘prospect whatsoever that [they] can ever succeed.’ ”
 
 Mercade,
 
 698 So.2d at 1315 (quoting
 
 Treat,
 
 163 So. at 883). All five petitions improperly ask this court to review its own determinations (dismissals or denials) in Wer-dell’s habeas filings in this court.
 
 Cf. Haines City Cmty. Dev. v. Heggs,
 
 658 So.2d 523, 525 (Fla.1995) (noting that cer-tiorari “involves a limited review of the proceedings of an inferior jurisdiction”);
 
 Powell v. Civil Serv. Bd.,
 
 154 So.2d 917, 919 (Fla. 1st DCA 1963) (“Certiorari is the traditional proceeding by which to obtain review of the orders, judgments and decrees of an inferior tribunal.”).
 

 All but the earliest-filed petition for belated appeal are frivolous. The first petition was denied following a commissioner’s hearing. The remaining petitions improperly sought the identical relief requested in the first petition and were subsequently denied.
 
 See
 
 Fla. R. App. P. 9.141(c)(5)(C).
 

 Werdell’s frequent frivolous and repetitious filings burden the limited resources of this court, resources that are better reserved for the resolution of genuine disputes. As such, and in the absence of a timely substantive response from Werdell to our order to show cause, we deny the petition for writ of habeas corpus in case 2D08-6379 and direct the clerk of this court to place in an inactive file any notices of appeal and original proceedings filed by Werdell relative to the nine circuit court cases recited in the first paragraph of this opinion unless the filing is signed by a member in good standing of The Florida Bar.
 
 See State v. Spencer,
 
 751 So.2d 47 (Fla.1999).
 

 
 *878
 
 Petition for writ of habeas corpus denied.
 

 FULMER, VILLANTI, and LaROSE, JJ., Concur.
 

 [1]
 

 . The nine cases recited in this paragraph are the nine enumerated in the first paragraph of this opinion.
 

 [2]
 

 .
 
 See Werdell v. State,
 
 945 So.2d 520 (Fla. 2d DCA 2006) (table decision);
 
 Werdell v. State,
 
 944 So.2d 367 (Fla. 2d DCA 2006) (table decision);
 
 Werdell
 
 v.
 
 State,
 
 916 So.2d 804 (Fla. 2d DCA 2005) (table decision);
 
 Werdell v. State,
 
 910 So.2d 270 (Fla. 2d DCA 2005) (table decision).