PER CURIAM.
Anthony W. Broom, an inmate in state custody, filed a pro se petition for writ of habeas corpus with this Court challenging his conviction and sentence.[1] We dismissed the petition in this case by way of an unpublished order, determining that it was unauthorized pursuant to Baker v. State, 878 So.2d 1236 (Fla.2004).[2] In disposing of the petition in this case, we expressly retained jurisdiction to pursue possible sanctions against Broom.[3] See Fla. R.App. P. 9.410(a).
Broom was convicted and sentenced to life imprisonment for committing second-degree murder in Polk County, Florida (Case No. CF81-1860-A1XX). Broom appealed his conviction and sentence to the Second District Court of Appeal, which affirmed the judgment of guilt and the sentence imposed. Broom v. State, 422 So.2d 848 (Fla. 2d DCA 1982) (table decision)! Since his criminal case became final Broom has filed numerous postconviction cases, to no avail.[4] It is patently evident from the record before this Court that Broom’s criminal case has been fully litigated in the appropriate courts below, to no avail for him.
Since 1988, Petitioner has filed multiple extraordinary writ petitions with this Court seeking relief from the results of his criminal case. And in none of the petitions Broom filed in this Court has any relief been granted to him.[5] Because the petition filed in this case was dismissed as unauthorized and was also his seventh extraordinary writ petition pertaining to his criminal case, we issued an order directing *504 Broom to show cause why he should not be prohibited from filing any further pro se filings in this Court related to case number CF81-1860-A1XX.[6] However, Broom chose not to file a response to our order. By disregarding our order to show cause, Broom has left us to conclude that his unauthorized petition is a frivolous proceeding brought to this Court by a prisoner. See § 944.279, Fla. Stat. (2011). We take notice that Broom has compiled a history of pro se filings in this Court that, like the instant habeas corpus petition, were devoid of merit or inappropriate for review in this Court.
Accordingly, the Clerk of this Court is hereby instructed to reject any future pleadings, petitions, motions, documents, or other filings submitted by Anthony W. Broom that are related to case number CF81-1860-A1XX, unless such filings are signed by a member in good standing of The Florida Bar. Counsel may file on Broom’s behalf if counsel determines that the proceeding may have merit and can be brought in good faith.[7] Furthermore, since we have found Broom’s petition to be frivolous, we direct the Clerk of this Court, pursuant to section 944.279(1), Florida Statutes (2011), to forward a certified copy of this opinion to the Department of Corrections’ institution or facility where Broom is incarcerated.[8]
It is so ordered.
CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.

. We have jurisdiction. See art. V, § 3(b)(9), Fla. Const.

. See id. at 1238 ("We further conclude that we should not continue denying ... petitions [that attack the results of a petitioner’s criminal case(s) ] either on the merits or on grounds that the claims raised are procedurally barred from being considered in collateral postconviction relief proceedings. Instead, we conclude that we should dismiss such petitions as unauthorized.”).

. Broom v. Tucker, No. SC11-2313, 2012 WL 375322 (Fla. Feb. 6, 2012) (dismissing the petition and ordering petitioner to show cause why sanctions should not be imposed and why the petition should not be deemed frivolous).

. See, e.g., Broom v. State, 28 So.3d 52 (Fla.2d DCA 2010) (No. 2D10-285) (dismissing habeas corpus petition) (table decision); Broome [sic] v. State, 790 So.2d 412 (Fla. 2d DCA 2001) (No. 2D01-1322) (affirming the judgment denying a motion for postconviction relief); Broom v. State, 504 So.2d 531 (Fla. 2d DCA 1987) (No. 87-608) (affirming the judgment denying a motion to vacate conviction and sentence); Broom v. State, 487 So.2d 298 (Fla. 2d DCA 1986) (No. 86-538) (affirming the judgment denying a motion for postcon-viction relief) (table decision).

.See Broom v. State, 54 So.3d 489 (Fla.2011) (No. SC 10-2049) (habeas corpus petition— dismissed pursuant to Baker); Broom v. State, 53 So.3d 229 (Fla.2011) (No. SC10-2059) (mandamus petition — denied); Broom v. McDonough, 965 So.2d 121 (Fla.2007) (No. SC07-1350) (habeas corpus petition — dismissed pursuant to Baker); Broom v. Crosby, 929 So.2d 1051 (Fla.2006) (No. SC05-1917) (habeas corpus petition — dismissed pursuant to Baker); Broom v. State, No. SC02-2212 (Fla. May 21, 2003) (habeas corpus petition— transferred to circuit court); Broom v. Moore, No. SC01-1187 (Fla. Oct. 1, 2001) (habeas corpus petition — transferred to circuit court); Broom v. Singletary, 718 So.2d 166 (Fla.1998) (No. 92,995) (habeas corpus petition — denied); Broom v. District Court of Appeal, Second District, 525 So.2d 876 (Fla.1988) (Case No. 72,249) (prohibition petition — denied).

. See State v. Spencer, 751 So.2d 47, 48-49 (Fla.1999) (stating prior to the imposition of sanctions, a court must afford the litigant a meaningful opportunity to show cause why the sanctions are inappropriate).

. In recent years, we have imposed comparable sanctions on other litigants whose pro se filing practices have exhibited their disregard for abusing scarce judicial resources in this Court. See, e.g., James v. Tucker, 75 So.3d 231 (Fla.2011): Johnson v. Rundle, 59 So.3d 1080 (Fla.2011); Steele, v. State, 14 So.3d 221 (Fla.2009); Pettway v. McNeil, 987 So.2d 20 (Fla.2008); Tate v. McNeil, 983 So.2d 502 (Fla.2008).

.See, e.g., James, 75 So.3d at 232; Johnson, 59 So.3d at 1080; Steele, 14 So.3d at 221.