CIKLIN, J.
Gregory Williams appeals the denial of his motion to strike the jury panel following a potential juror’s negative comment regarding one of Williams’s expert witnesses. The trial court conducted an individual and sequestered examination of each prospective juror, and every juror that served in this case stated the comment would not affect the juror’s judgment. We determine that this procedure was adequate to ensure that the parties received a fair and impartial jury and thus conclude the trial court did not abuse its discretion in refusing to strike the panel.
This case arose from a boating accident. At a marina, Williams negligently steered his yacht into Thomas Osking’s sailboat, causing Osking to fall and injure his back. Osking filed suit against Williams, seeking recovery for, among other things, personal injuries resulting from the accident.
The case proceeded to trial on issues of comparative fault, damages, and the extent to which the accident aggravated Osking’s pre-existing spinal condition. One of Williams’s witnesses was a medical professional who evaluated Osking and was prepared to testify regarding Osking’s injuries.
During jury selection, the list of Williams’s prospective witnesses was read to the jury panel. When asked if he knew any of the potential witnesses, one of the prospective jurors stated he was familiar with Williams’s medical professional. The potential juror stated: “[M]y dad had a lawsuit against him. Well, I just thought about it. He kind of screwed my dad’s back up.” At sidebar, Williams moved to strike the entire thirty-seven-member panel because of the prospective juror’s comments. The court denied Williams’s motion to strike the panel but granted the cause challenge as to the prospective juror who made the comment.
Thereupon, the court and parties engaged in a day-long, individual, sequestered examination of each remaining member of the panel. Each panel member was asked whether the member heard the comment, whether hearing the comment would affect the member’s judgment of the medical professional’s expert testimony, and whether the member could apply the law fairly after hearing the comment. Every potential juror who expressed potential bias as a result of hearing the comment was struck for cause. The jurors that *655 eventually served in the case stated they would be able to disregard the comment and apply the law fairly.
After the individual examination of each juror, Williams renewed his motion to strike the entire panel, which the court denied. The jury found that Williams was seventy-percent liable for the accident.[1] After the verdict was returned, Williams moved for a new trial on several grounds, including the denial of the motion to strike the panel. The court denied the motion for new trial and entered final judgment in favor of Osking for over $500,000.
The denial of a motion to strike the jury panel is reviewed under the abuse of discretion standard. Brower v. State, 727 So.2d 1026, 1027 (Fla. 4th DCA 1999).
The trial court’s decision to conduct individually sequestered examinations of each juror was based on a procedure approved by this court. See id. In Brower, the defendant was on trial for two counts of first-degree murder and one count of armed robbery. During voir dire, prospective jurors were heard making comments such as “hang him,” “they ought to just hang him,” “[w]hy are we going through this? Where I come from, we would have just strung him up,” and “[tjhey’re going to have to prove to me that he did not do it.” Id. at 1026. Other prospective jurors exhibited behavior indicating they were not taking the proceedings seriously. All of the prospective jurors that made the offensive remarks were excused.
The defendant’s counsel moved to strike the entire panel, which the court denied. The court and defendant’s counsel then conducted extensive, individual, sequestered examinations of the potential jurors regarding whether they had prejudged the case and whether they understood the seriousness of the proceedings. Id. at 1026-27.
We affirmed the court’s decision to deny the motion to strike the jury panel. We noted that the defendant “was not deprived of a fair trial by the trial court’s decision to conduct an inquiry and proceed with those jurors who had not acted offensively and who [defendant] has not shown were otherwise tainted.” Id. at 1027.
The trial court’s decision in the instant case to proceed with an extensive, individual, sequestered examination of each juror was sufficient to ensure that the parties received a fair jury. The court gave Williams a full opportunity to question the potential jurors regarding the comment, and Williams was unable to show that the jurors were unfairly biased as a result of hearing the comment.
Williams asserts that there is a distinction between statements of opinion and statements of fact by potential jurors. This is correct, at least in the context of criminal cases,[2] when a potential juror’s comment relates to the defendant’s prior crimes or the potential juror reveals an inadmissible fact regarding the defendant to the jury panel. See, e.g., Wilding v. State, 427 So.2d 1069, 1069-70 (Fla. 2d DCA 1988). We distinguish this case by pointing out that the potential juror’s com *656 ment in this matter was a statement regarding Williams’s witness, not Williams himself.
We have considered the other issues raised by Williams in this appeal and affirm without comment.

Affirmed.

TAYLOR and LEVINE, JJ., concur.

. Prior to trial, Williams admitted liability for the collision and Osking’s property damage but denied that Osking was injured as a result of the accident.

. The procedure we approve of in this matter is based on our decision in a first-degree murder case. See Brower, 727 So.2d at 1026. Considering we found the procedure sufficient to protect the rights of a criminal defendant when the defendant’s life and liberty were at stake, the same procedure employed by the trial court was clearly sufficient (and within the trial court’s discretion) to protect the rights of the parties in this civil case.