PER CURIAM.
This proceeding was initiated December 10, 2012, upon receipt of a transmission letter from the circuit court clerk in Pasco County along with an extensive collection of documents that the Pasco clerk determined was an attempt to commence an appeal in this court. Conspicuously absent from this submission was anything resembling a conventional notice of appeal.
This court’s clerk assigned an appellate case number to this proceeding, but the absence of the order that is being appealed prevented this court from ascertaining its jurisdiction. Accordingly, on December 11, 2012, this court issued orders requiring Ms. Langlois to show cause why the appeal should not be dismissed as untimely, and why the appeal should not be dismissed for her failure to provide a copy of the order appealed as required by Florida Rule of Appellate Procedure 9.110(d), its absence rendering the court unable to determine its jurisdiction. Although Ms. Langlois has filed additional papers with this court, she has failed to show cause why this proceeding should not be dismissed as untimely. Thus, this appeal is dismissed.
Unfortunately, this appeal follows in a series of twenty-five proceedings that Ms. Langlois has filed in this court since 2010 that were dismissed based on Ms. Lan-glois’ failure to eomply with the Florida Rules of Appellate Procedure. Accordingly, on December 18, 2012, this court issued an additional order to Ms. Langlois requiring her to show cause why she should not be prohibited from instituting civil proceedings in this court unless submitted by a licensed attorney. As we explained in that order,
Ms. Langlois’ filing of principally indecipherable documents in large volume taxes the limited resources of this court’s clerk and his staff. None of her disposed cases ever reached the briefing stage. It appears that Ms. Langlois harbors the belief that the submission of her notice of appeal along with scores of pages of circuit court pleadings, her own commentary, and other documents fulfills her requirements to perfect an appeal.
These lengthy submissions seeking review of unknown, or often very old, circuit court activity consume an inordinate amount of the time of this court’s clerk’s personnel, causing delay in servicing the appeals brought by other litigants who respect the need to comply with the appellate rules and who seek timely review of appealable circuit court orders. Judicial labor of three-judge panels was required to determine the propriety of dismissing her proceedings for failing to follow simple orders from this court. All dismissals were preceded by orders directing her to remedy shortcomings in her appeals or otherwise address concerns of the court regarding jurisdiction.
*981 Ms. Langlois’ abusive submissions to this court and her repetitive, argumentative phone calls with staff interfere with the orderly processing of appeals of deserving litigants. Further, to the extent that they can be determined, the claims she has advanced in the 25 proceedings that have been dismissed appear to have lacked merit.
Finally, but not insignificantly, Ms. Langlois’ unauthorized faxing to this court’s clerk of large volumes of documents causes unnecessary public expense in paper costs.
In her submission in response to our show cause order, Ms. Langlois has failed to show cause why she should not be prohibited from instituting civil proceedings in this court unless submitted by a licensed attorney, and we have determined that her frivolous and repetitious filings burden the resources of this court. See Werdell v. State, 16 So.3d 875, 877 (Fla. 2d DCA 2009). Accordingly, Margetta Langlois is prohibited from initiating any civil appeals or original proceedings in this court unless submitted by a member in good standing of The Florida Bar. See Broom v. Tucker, 94 So.3d 502, 504 (Fla.2012). The clerk of this court is directed to deposit any submissions from her that may otherwise qualify to be treated as civil appeals or original proceedings in an inactive file that shall receive no judicial attention. Ms. Langlois is also prohibited from sending by facsimile transmission any documents to this court’s clerk or any other offices of this court.
This proceeding, Case No. 2D12-6085, is dismissed.
SILBERMAN, C.J., and NORTHCUTT and BLACK, JJ., Concur.