NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| RALPH CAFARO, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case Nos. 2D15-81 |
| | ) | 2D15-82 |
| ESTATE OF DIANE WYLLINS, | ) | 2D15-83 |
| Deceased. | ) | 2D15-85 |
| | ) | 2D15-87 |
| Appellee. | ) | |
| | ) | |
| | ) | CONSOLIDATED |
| _____ | ) | |

Opinion filed May 13, 2015.

Appeals from the Circuit Court for
Pasco County.

Ralph Cafaro, pro se.

No appearance for Appellee.

SILBERMAN, Judge.

These five proceedings were initiated on December 31, 2014, by the filing with the circuit court clerk in Pasco County of five sets of documents, each amounting to twenty to forty-five pages in length, which the clerk interpreted as attempts to commence appeals in this court. We have consolidated the five proceedings for purposes of this opinion.

None of the documents filed with the circuit clerk included a paper titled "notice of appeal" or an order entered by the circuit court. This court's clerk assigned an appellate case number to each proceeding, but the absence of orders being appealed prevented the court from ascertaining its jurisdiction. Accordingly, on January 9, 2015, this court issued two orders in each appeal directing the appellant, Ralph Cafaro, to show cause why the appeal should not be dismissed as untimely and why it should not be dismissed for failure to provide a copy of the order appealed as required by Florida Rule of Appellate Procedure 9.110(d). Although Mr. Cafaro subsequently filed additional papers in each appeal, they were not responsive to the orders to show cause, and no trial court orders to be appealed were included with the papers. We therefore dismiss each appeal for Mr. Cafaro's failure to provide an order that would demonstrate this court's jurisdiction over the respective appeal.

We note further that these appeals follow a series of fifty proceedings that Mr. Cafaro has filed in this court beginning in 2010. Forty-nine of these have been dismissed, the vast majority for failure to file a copy of an order to be appealed. Accordingly, on February 2, 2015, this court issued an additional order under the five case numbers reflected in this opinion, directing Mr. Cafaro to show cause why he should not be prohibited from instituting civil appeals or original proceedings in this court unless submitted by a licensed attorney. As we explained in that order:

> Mr. Cafaro's repeated submissions of mostly indecipherable documents in large volume tax the limited resources of this court's clerk and his staff, as well as the court's staff attorneys and judges. Very few of his cases ever reach the briefing stage. It appears that Mr. Cafaro harbors the belief that the submission of a notice of appeal along with pages of circuit court pleadings, his own commentary, and other documents fulfills his requirements to perfect an appeal.

The lengthy submissions seeking review of either old or unidentified circuit court activity consume an inordinate amount of the time of the court's staff, causing delay in servicing the appeals brought by other litigants who respect the need to comply with the appellate rules and who seek timely review of appealable circuit court orders. With each appeal, judicial labor is required to determine the propriety of dismissing his proceedings for failing to follow simple orders from this court. All dismissals were preceded by orders directing him to remedy shortcomings in the appeals or otherwise address concerns of the court regarding jurisdiction.

In response, Mr. Cafaro has filed a fifteen-page document that appears to set forth a history of past lawsuits but is otherwise nonresponsive to the order. Because we have determined that his frivolous and repetitious filings burden the resources of this court, see Werdell v. State, 16 So. 3d 875, 877 (Fla. 2d DCA 2009), Ralph Cafaro is, as of the date this opinion becomes final, prohibited from initiating any civil appeals or original proceedings in this court unless they are submitted by a member in good standing of The Florida Bar. See Broom v. Tucker, 94 So. 3d 502, 504 (Fla. 2012). The clerk of this court is directed to deposit any submissions from Mr. Cafaro that may otherwise qualify to be treated as civil appeals or original proceedings in an inactive file that shall receive no judicial consideration.

Appeals 2D15-81, 2D15-82, 2D15-83, 2D15-85, and 2D15-87 are dismissed.


ALTENBERND and MORRIS, JJ., Concur.