NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TOBY CHAPMAN,                        )
                                     )
          Appellant,                 )
                                     )
v.                                   )    Case No. 2D14-2799
                                     )
STATE OF FLORIDA,                    )
                                     )
          Appellee.                  )
_____)

Opinion filed July 10, 2015.

Appeal from the Circuit Court for Highlands
County; Anthony R. Ritenour, Acting Circuit
Judge.

Howard L. Dimmig, II, Public Defender,
and Jamie Spivey, Assistant Public
Defender, Bartow, for Appellant.

Toby Chapman, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, for Appellee.

ORDER STRIKING <u>ANDERS</u> BRIEFING AND
REQUIRING MERITS BRIEFING

ALTENBERND, Judge.

          The appellant, Toby Chapman, was found guilty by a jury of one count of

burglary with assault or battery and two counts of sexual battery on a person twelve

years of age or older.  He was sentenced to life in prison.  His appellate counsel has

filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967). This brief is similar to others that this court has received in the recent past. Thus, without intending to single out this lawyer for criticism, we use the striking of this brief as an opportunity to emphasize the narrow circumstances in which an <u>Anders</u> brief is appropriate under the standards set by the U.S. Supreme Court and to explain the content expected in such a brief.

In a short <u>Anders</u> brief, appellate counsel in this case represents that she "is unable to make a good faith argument that reversible error occurred in the trial court." This brief does not reference anything from the appellate record, which consists of more than one thousand pages, that might arguably support Mr. Chapman's appeal. Counsel merely directs our attention to whether "the court erred in the judgment and sentence" and states in a single sentence that "it would appear that the conviction and sentence were supported by substantial competent evidence."

Mr. Chapman filed a pro se brief in which he identifies several potential legal grounds for appeal, two of which are clearly arguable. After reviewing Mr. Chapman's pro se brief and conducting an independent review of the lengthy record, we have identified at least two issues that are arguable on their merits, one of which encompasses the two arguable legal grounds identified by Mr. Chapman. We thus strike the <u>Anders</u> briefing of both counsel and Mr. Chapman and order counsel to file merits briefing on Mr. Chapman's behalf with the following considerations.

In order to ensure that criminal defendants are afforded their constitutional right to counsel, before filing an <u>Anders</u> or "no merits" brief, appellate counsel must conscientiously follow the procedure for <u>Anders</u> appeals set forth by the U.S. Supreme

Court. Appellate counsel must "master the trial record, thoroughly research the law, and exercise judgment in identifying the arguments that may be advanced on Appeal." In re Anders Briefs, 581 So. 2d 149, 151 (Fla. 1991) (quoting McCoy v. Court of Appeals, 486 U.S. 429, 438-39 (1988)). Counsel is justified in proceeding pursuant to Anders "only after such an evaluation has led counsel to the conclusion that the appeal is 'wholly frivolous.' " Id.; Anders, 386 U.S. at 744-45. An appeal that is wholly frivolous is one in which there are no "legal points arguable on their merits," Anders, 386 U.S. at 744, or one that "lacks any basis in law or fact."[1] McCoy, 486 U.S. at 438 n.10. Moreover, in order to assist both the appellant in identifying issues for his pro se brief and the appellate court in its own review to determine whether the appeal is in fact

---

[1] Judge Martha Warner's thesis on the difficulties presented by Anders appeals provides a helpful discussion on the difference between a wholly frivolous appeal appropriate for Anders and one that contains at least some arguable issue. See Martha C. Warner, Anders in the Fifty States: Some Appellants' Equal Protection Is More Equal Than Others', 23 Fla. St. U.L. Rev. 625, 663-64 (1996). Judge Warner points out that the Supreme Court of Florida long ago provided a comprehensive definition of a frivolous appeal, albeit not in the context of Anders cases, which helps illustrate how rarely an appeal will warrant Anders briefing:

> A frivolous appeal is not merely one that is likely to be unsuccessful. It is one that is so readily recognizable as devoid of merit on the face of the record that there is little, if any, prospect whatsoever that it can ever succeed. . . . It must be one so clearly untenable, or the insufficiency of which is so manifest on a bare inspection of the record and assignments of error, that its character may be determined without argument or research. An appeal is not frivolous where a substantial justiciable question can be spelled out of it, or from any part of it, even though such question is unlikely to be decided other than as the lower court decided it, i.e., against appellant or plaintiff in error.

Id. at 664 (quoting Treat v. State ex rel. Mitton, 163 So. 883, 883-84 (Fla. 1935)).

wholly frivolous, appellate counsel must in its Anders brief "refer[] to anything in the record that might arguably support the appeal."[2]  Anders, 386 U.S. at 744.

Counsel's representation in this case that she "is unable to make a good faith argument that reversible error occurred in the trial court" seems to this court to place the bar somewhat higher than that intended by the guidance in Anders.  Perhaps the standard could be better represented by the statement that counsel has "thoroughly reviewed the record and has located no legal point that can be argued in good faith on its merits or that is not wholly frivolous."  Unlike in some Anders appeals we have seen recently, counsel, to her credit, provides a relatively thorough recitation of the record in her brief.  However, an Anders brief submitted in an appeal with a record of this size that does not identify or discuss portions of the record or legal points that might arguably support the client's appeal falls short of satisfying the procedure under Anders and counsel's obligation to the client and this court.

---

[2]The Eleventh Circuit's order in United States v. Blackwell, 767 F.2d 1486 (11th Cir. 1985), provides worthwhile guidance on this aspect of Anders and its importance.  There, the court explained:

> If the Anders procedure is to work . . . the lawyer filing the Anders brief must, to the extent possible, remain in his role as advocate; at this stage of proceeding it is not for the lawyer to act as an unbiased judge of the merit of particular grounds for appeal.  He or she is required to set out any irregularities in the trial process or other potential error which, although in his judgment not a basis for appellate relief, might, in the judgment of his client or another counselor or the court, be arguably meritorious.  This is done in order that these potential claims not be overlooked.  The objective of these potential claims is for the court's determination, not the advocate's.

Id. at 1487-88 (emphasis in original).

- 4 -

As previously stated, after reviewing Mr. Chapman's pro se brief and after conducting our own review of the record, we have identified at least two issues that are arguable on their merits, one of which was raised by Mr. Chapman in his pro se brief. The first issue is whether it was fundamental error for the trial court to allow the State to admit the videotaped interrogation of Mr. Chapman in its case-in-chief when Mr. Chapman did not testify at trial; his statements during the interrogation contain few, if any, admissions; and the recording included repeated statements of the interrogating officer's belief in Mr. Chapman's guilt. The second issue is whether it was error for the trial court at sentencing to admit criminal report affidavits from Mr. Chapman's prior convictions over Mr. Chapman's hearsay objection. This court's identification of the above-stated issues of arguable merit is not intended to limit counsel from raising any other legal issues supporting Mr. Chapman's appeal.

The <u>Anders</u> brief and Mr. Chapman's pro se brief are stricken. Counsel for Mr. Chapman shall file an initial merits brief within thirty days of the issuance of this order.

KELLY and LUCAS, JJ., Concur.