WINSOR, J.
In this Anders appeal, we affirm Jason Redmon’s judgment and sentence.
*307 I.
The United States Supreme Court has recognized that there are circumstances where a court-appointed appellate counsel will, “after a conscientious examination,” find their client’s case to be “wholly frivolous.” See Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In those circumstances, counsel should “so advise the court” and submit “a brief referring to anything in the record that might arguably support the appeal.” Id.; see also In re Anders Briefs, 581 So.2d 149, 151 (Fla. 1991) (“The procedure established in An-ders and its progeny requires an indigent’s appellate counsel to ‘master the trial record, thoroughly research the law, and exercise judgment in identifying the arguments that may be advanced on appeal ....’” (quoting McCoy v. Court of Appeals of Wis., Dist. 1, 486 U.S. 429, 438, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988)) ).*
Some Anders briefs fall short of the requirements. See, e.g., Penson v. Ohio, 488 U.S. 75, 81, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988) (noting that counsel’s Anders brief “failed to draw attention to ‘anything in the record that might arguably support the appeal’ ”); In re Order of the First Dist. Court of Appeal Regarding Brief Filed in Forrester v. State, 556 So.2d 1114, 1116 (Fla. 1990) (agreeing with district court that “appellate counsel’s original brief failed to meet the minimum requirements of Anders”); Chapman v. State, 186 So.3d 3, 6 (Fla. 2d DCA 2015) (indicating that counsel’s brief “[fell] short of satisfying the procedure under An-ders”). It is critical, though, that counsel diligently follow the requirements because the Anders brief “serves the valuable purpose of assisting the court in determining both that counsel in fact conducted the required detailed review of the case and that the appeal is indeed so frivolous that it may be decided without an adversary presentation.” Penson, 488 U.S. at 81-82, 109 S.Ct. 346 (footnote omitted).
II.
In this case, Redmon’s appellate counsel did everything the Anders process demands. Counsel thoroughly outlined the facts and procedural history of the case, noted when objections were raised, and provided clear citations to the record. Moreover, counsel identified possible issues and cited to appropriate legal authorities.
A.
The first issue counsel identified was whether the trial court erred in denying Redmon’s motion to strike the jury panel. Redmon’s basis for the motion was that the panel had allegedly overheard prejudicial out-of-court information about his case. The trial court asked the panel whether anyone had heard anything and then individually questioned the responsive jurors to determine if what they heard would prejudice Redmon. Having determined that no such prejudice existed, the trial court denied Redmon’s motion. This fell well within the court’s discretion, see Smith v. State, 7 So.3d 473, 494-95 (Fla. 2009); Williams v. Osking, 105 So.3d 653, *308 655 (Fla. 4th DCA 2013), and we find no arguable reversible error.
B.
The second issue counsel identified was whether the trial court erred in denying Redmon’s motion for judgment of acquittal. Redmon was charged with abusing a disabled person, and he argued at trial that the State failed to provide sufficient evidence that the victim was disabled. But the victim had testified extensively as to her condition, and viewed in the light most favorable to the State, there was competent, substantial evidence that the victim was disabled. The trial court therefore properly denied the motion for a judgment of acquittal, see Pagan v. State, 830 So.2d 792, 803 (Fla. 2002), and we find no arguable error.
III.
Redmon’s counsel identified two potential issues, neither of which provides an arguable basis for reversal. Finally, our own independent review of the record found no arguable basis for reversal. Accordingly, we AFFIRM.
B.L. THOMAS and ROWE, JJ., CONCUR.

 The procedure established in Anders is "merely one method of satisfying the requirements of the Constitution for indigent criminal appeals.” Smith v. Robbins, 528 U.S. 259, 276, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000). States can adopt different procedures, provided they adequately safeguard the right to appellate counsel. Id. at 265, 120 S.Ct. 746. Florida, however, has "adopted the precise procedure set forth in the original Supreme Court opinion in Anders.” See N.S.H. v. Fla. Dep’t of Children & Family Servs., 843 So.2d 898, 900 (Fla. 2003).