DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

DEMITRIUS TYRONE BELL,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2025-1110

_____

June 26, 2026

Appeal from the Circuit Court for Manatee County; Teresa Kaklis Dees, Judge.

Blair Allen, Public Defender, and Jonah Dickstein, Special Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, for Appellee.

ORDER STRIKING *ANDERS* BRIEFING

PER CURIAM.

Appellant's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). *See* Fla. R. App. P. 9.140(g)(2); *see generally McCoy v. Ct. of Appeals of Wis., Dist. 1*, 486 U.S. 429, 442 (1988) ("Unlike the typical advocate's brief in a criminal appeal, which has as its sole purpose the persuasion of the court to grant relief to the defendant, the

*Anders* brief is designed to assure the court that the indigent defendant's constitutional rights have not been violated."). Counsel's brief is inadequate. Thus we strike the brief and order counsel to file a brief that complies with *Anders*, 386 U.S. at 744–45, *In re Anders Briefs*, 581 So. 2d 149, 152 (Fla. 1991), and their progeny.

Counsel's brief provides no factual or procedural history for Appellant's case. Unfortunately, the brief does not even inform us that following a three-day trial, the jury found Appellant guilty as charged of armed kidnapping and attempted first-degree murder or, for that matter, that Appellant received several life sentences.[1]

The brief's abbreviated "Argument" section "turns the matter over to the appellate court itself to mull further." The brief identifies four[2] issues for us to consider: whether the trial court erred in (a) denying Appellant's *Nelson*[3] motion, (b) granting the State's motion in limine, (c) denying Appellant's motion for judgment of acquittal, and (d) imposing sentences. Elsewhere, the brief advises that there are "no issues of arguable merit . . . preserved for appeal, nor that the record reflects any arguable fundamental error."

We have explained appellate counsel's role in ensuring the protection of a criminal defendant's constitutional rights before filing an *Anders* brief. *See Chapman v. State*, 186 So. 3d 3, 5 (Fla. 2d DCA 2015).

Counsel's brief gives us pause. Sadly, it does not indicate a mastery of the trial record.

---

[1] At sentencing, Appellant pleaded no contest to possession of a firearm by a convicted felon; the trial court sentenced him to 20.431 years in prison.

[2] The brief misnumbers the issues identified.

[3] *Nelson v. State*, 274 So. 2d 256 (Fla. 4th DCA 1973).

We must note it is not our responsibility, in the first instance, to evaluate whether the issues identified are of any merit. Although rule 9.140(g)(2)(A) obligates us to "independently review the record to discover any arguable issues apparent on the face of the record," if counsel files a brief stating that an appeal would be frivolous, counsel must offer "a complete discussion of any possible points of merit to the appeal." *In re Ord. of First Dist. Ct. of Appeal Regarding Brief Filed in Forrester v. State*, 556 So. 2d 1114, 1117 (Fla. 1990). Contrary to rule 9.140(g)(2), counsel's brief does not explain why any of the issues presented are frivolous. *See Blackmon v. State*, 394 So. 3d 736, 737 (Fla. 1st DCA 2024); *see also Jenkins v. State*, 419 So. 3d 173, 174 (Fla. 1st DCA 2025).

We strike counsel's *Anders* brief. Counsel shall have thirty days to file a compliant brief that demonstrates a mastery of the trial record, thorough research of the law, and an exercise of judgment in identifying arguments that could be advanced on appeal.

LaROSE, KHOUZAM, and BLACK, JJ., Concur.

_____

Opinion subject to revision prior to official publication.